1  Sheri Pan (SBN 316136)
   ZWILLGEN LAW LLP
2  369 Pine Street, Suite 506
3  San Francisco, CA 94104
   Telephone: (415) 590-2341
4  sheri@zwillgen.com

5  Jacob Sommer (*pro hac vice* forthcoming)
   ZWILLGEN PLLC
6  1900 M Street NW, Suite 250
7  Washington, DC 20036
   Telephone: (202) 706-5233
8  jake@zwillgen.com

9  *Attorneys for Defendant*
   *Particle Media Inc. d/b/a NewsBreak*
10

11
                **UNITED STATES DISTRICT COURT**
12              **NORTHERN DISTRICT OF CALIFORNIA**
                  **SAN FRANCISCO DIVISION**
13

14  COMEBACK MEDIA, INC.,                    Case No.  3:25-cv-03298-CRB

15                         *Plaintiff*,      **DEFENDANT PARTICLE MEDIA,**
                                             **INC. d/b/a NEWSBREAK'S NOTICE**
16                                           **OF MOTION AND MEMORANDUM**
                      v.                     **OF POINTS AND AUTHORITIES IN**
17                                           **SUPPORT OF MOTION TO DISMISS**
    PARTICLE MEDIA, INC. d/b/a               **SECOND AMENDED COMPLAINT**
18  NEWSBREAK; DIGITAL NEXT
    MEDIA, INC. d/b/a TOTAL IMPULSE
19  SPORT; TYLER LEYDON a/k/a TYLER          Judge:        Hon. Charles R. Breyer
    CHIKHANI a/k/a JOSHUA TERRETO;           Hearing Date: Oct. 31, 2025
20  and JOHN DOES 1-30,                      Time:         10:00 a.m.
                                             Courtroom:    6, 17th Floor
21                         *Defendants*.

22

23

24

25

26

27

28

---
DEFENDANT PARTICLE MEDIA, INC. d/b/a NEWSBREAK'S NOTICE OF MOTION AND MEMO
IN SUPPORT OF MOTION TO DISMISS; CASE NO. 3:25-cv-003298-CRB

1

2

### NOTICE OF MOTION AND MOTION TO DISMISS

**TO THE COURT AND ALL PARTIES OF RECORD:**

3

4

5

6

7

8

9

10

11

PLEASE TAKE NOTICE THAT on October 31, 2025, or as soon thereafter as this matter may be heard, before the Honorable Charles R. Breyer in Courtroom 6, 17th Floor of the San Francisco Courthouse located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Particle Media, Inc. d/b/a NewsBreak moves this Court for an order granting its Motion to Dismiss the Second Amended Complaint. This Motion is made based on Federal Rule of Civil Procedure 12(b)(6) on the basis that Plaintiff's allegations fail to state a valid claim. This Motion will be based on this Notice; the accompanying Memorandum of Points and Authorities; the complete record; and such other matters and arguments as may come before the Court, including those raised in connection with reply briefing and oral argument relating to this Motion.

12

### SUMMARY OF ARGUMENT

13

14

15

16

17

18

This is Plaintiff Comeback Media, Inc.'s third attempt to pin responsibility for alleged infringement committed by Defendants Joshua Terreto and Total Impulse Sports onto Particle Media, Inc., which operates the online news aggregation platform NewsBreak. The Second Amended Complaint ("SAC") fails to state a claim against NewsBreak under the Copyright Act, Lanham Act, California Unfair and Unlawful Competition ("UCL") § 17200, and common law misappropriation.

19

20

21

22

23

24

25

26

27

First, Plaintiff fails to state a contributory copyright infringement claim against Particle Media because Plaintiff fails to allege the defendant's knowledge of that third party's direct infringement; and that the defendant "either (a) materially contribute[d] to or (b) induce[d] that infringement." *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 670 (9th Cir. 2017). The SAC does not contain factual allegations that NewsBreak had the requisite "actual knowledge of specific acts of infringement." *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013). The bare assertion that Particle Media "knew that Total Impulse was behaving improperly," SAC ¶ 26, is conclusory and insufficient. Plaintiff does not allege that it notified NewsBreak of the copied articles or used NewsBreak's DMCA process to submit a notice and

28

DEFENDANT PARTICLE MEDIA, INC. d/b/a NEWSBREAK'S NOTICE OF MOTION AND MEMO IN
SUPPORT OF MOTION TO DISMISS; CASE NO. 3:25-cv-003298-CRB

takedown request (because Plaintiff did neither). *See UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1020 (9th Cir. 2013) ("[Plaintiff's] decision to forgo the DMCA notice protocol 'strip[s] it of the most powerful evidence of a service provider's knowledge—actual notice of infringement from the copyright holder.'"). And the SAC's allegations about prior, unrelated alleged infringement on NewsBreak "do[] not give notice of any specific acts of infringement that are actually occurring." *ALS Scan, Inc. v. Steadfast Networks, LLC*, 819 F. App'x 522, 524 (9th Cir. 2020).

Second, Plaintiff's claim for vicarious copyright infringement fails because Plaintiff does not plausibly plead that NewsBreak: (1) enjoyed a direct financial benefit from the infringing activity of the direct infringer; and (2) declined to exercise the right and ability to supervise or control that infringing activity. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). The SAC does allege the "[t]he essential aspect of the 'direct financial benefit' inquiry," "a causal relationship between the infringing activity and any financial benefit a defendant reaps." *Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 829 (9th Cir. 2019). The general allegation that Particle Media "benefits financially from the infringing content hosted on [the NewsBreak] platform," SAC ¶ 185, with no specific facts connecting that to Terreto and Total Impulse's infringement, is not enough. The SAC also fails to allege that Particle Media had "both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007). At most, the SAC makes a passing reference to NewsBreak's "verification process and content moderation tools"—but that does not explain how Particle Media could have and failed to use them to control the infringers. *See* SAC ¶ 186.

Third, Plaintiff falls far short of stating a claim for trademark infringement. The SAC does not allege Particle Media "directly use[d] the trademarks," and "a party that merely facilitates or assists others' use cannot be liable for direct infringement." *Atari Interactive, Inc. v. Redbubble, Inc.*, 515 F. Supp. 3d 1089, 1101 (N.D. Cal. 2021), *aff'd in part*, No. 21-17062, 2023 WL 4704891 (9th Cir. July 24, 2023). Neither does Plaintiff state a claim for contributory trademark

1
2
3

infringement, because NewsBreak did not allegedly induce the infringement or have "[d]irect control and monitoring of the instrumentality used by a third party to infringe plaintiff's mark." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 984 (9th Cir. 1999).

4
5
6
7
8

Finally, Plaintiff's claims under California's UCL and common law misappropriation are both premised on the alleged misappropriation of Plaintiff's articles, and thus are preempted by the Copyright Act. *See* SAC ¶¶ 168, 177; *see also Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006). For these reasons, the Court should dismiss the claims against Particle Media with prejudice.

9
10

Dated: September 8, 2025

**ZWILLGEN LAW LLP**

11
12

By: /s/ Sheri Pan
Sheri Pan (SBN 316136)
sheri@zwillgen.com

13
14

*Attorney for Defendant*
*Particle Media, Inc. d/b/a NewsBreak*

15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

1

2  INTRODUCTION ................................................................................................................1

3  BACKGROUND .................................................................................................................1

4  PROCEDURAL HISTORY..................................................................................................4

5  LEGAL STANDARD...........................................................................................................4

6  ARGUMENT .......................................................................................................................5

7  I.    PLAINTIFF FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT ..........5

8        A.    Plaintiff Fails to Allege Both Elements of a Contributory Infringement Claim........5

9        B.    Plaintiff Fails to State a Claim for Vicarious Infringement.....................................8

10 II.   PLAINTIFF'S TRADEMARK INFRINGEMENT CLAIM FAILS.................................10

11       A.    Direct Trademark Infringement .........................................................................10

12       B.    Contributory Trademark Infringement ...............................................................11

13 III.  FEDERAL LAW PREEMPTS PLAINTIFF'S STATE LAW CLAIMS ...........................13

14 IV.   DISMISSAL SHOULD BE WITH PREJUDICE..........................................................15

15 CONCLUSION....................................................................................................................15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A&M Recs., Inc. v. Napster, Inc.*,
    239 F.3d 1004 (9th Cir. 2001) ..................................................................5

*Adams v. Johnson*,
    355 F.3d 1179 (9th Cir. 2004) ..................................................................4

*ALS Scan, Inc. v. Steadfast Networks, LLC*,
    819 F. App'x 522 (9th Cir. 2020) ..............................................................7

*Annabooks, LLC v. Issuu, Inc.*,
    No. 20-CV-04271-CRB, 2020 WL 6873646 (N.D. Cal. Sept. 24, 2020) (Breyer, J.)..............7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................4

*Atari Interactive, Inc. v. Redbubble, Inc.*,
    515 F. Supp. 3d 1089 (N.D. Cal. 2021) ..................................................10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................4

*Del Madera Props v. Rhodes & Gardner, Inc.*,
    820 F.2d 973 (9th Cir. 1987) ..................................................................13

*Eidmann v. Walgreen Co.*,
    522 F. Supp. 3d 634 (N.D. Cal. 2021) ....................................................14

*Ellison v. Robertson*,
    357 F.3d 1072 (9th Cir. 2004) ..................................................................8

*Epikhin v. Game Insight N. Am.*,
    No. 5:14-cv-04383-LHK, 2015 WL 2412357 (N.D. Cal. May 20, 2015) ................................6

*Erickson Prods., Inc. v. Kast*,
    921 F.3d 822 (9th Cir. 2019) ..................................................................8

*French W., Inc. v. Soft Surroundings, Inc.*,
    No. 2:17-cv-8188-GW-SS, 2018 WL 4944421 (C.D. Cal. Feb. 15, 2018) ..............................9

*Harrington v. Pinterest, Inc.*,
    No. 5:20-CV-05290-EJD, 2021 WL 4033031 (N.D. Cal. Sept. 3, 2021)....................................7

*Imageline, Inc. v. CafePress.com, Inc.*,
    No. 2:10–cv-9794-PSG-MAN, 2011 WL 1322525 (C.D. Cal. Apr. 6, 2011)..........................9

*Inwood Lab'ys, Inc. v. Ives Lab'ys, Inc.*,
    456 U.S. 844 (1982).............................................................................................11

*Kodadek v. MTV Networks, Inc.*,
    152 F.3d 1209 (9th Cir. 1998) .........................................................................13

*Laws v. Sony Music Ent., Inc.*,
    448 F.3d 1134 (9th Cir. 2006) ....................................................................13, 14

*Ledesma v. Del Recs., Inc.*,
    No. 2:15-cv-4266-ODW-GJS, 2015 WL 8023002 (C.D. Cal. Dec. 4, 2015)...........9

*Levitt v. Yelp! Inc.*,
    765 F.3d 1123 (9th Cir. 2014) .........................................................................15

*Lickerish, Inc. v. Alpha Media Grp.*,
    No. 2:13-cv-00377, 2014 WL 12589641 (C.D. Cal. Jan. 2, 2014)...........................9

*Ligeri v. Amazon.com Servs. LLC*,
    No. 2:25-CV-00764-JHC, 2025 WL 2161497 (W.D. Wash. July 30, 2025)...........11

*Lockheed Martin Corp. v. Network Sols., Inc.*,
    194 F.3d 980 (9th Cir. 1999) ...........................................................................12

*Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*,
    658 F.3d 936 (9th Cir. 2011) ...........................................................................12

*Luvdarts, LLC v. AT&T Mobility, LLC*,
    710 F.3d 1068 (9th Cir. 2013) .......................................................................5, 6

*Maloney v. T3Media, Inc.*,
    853 F.3d 1004 (9th Cir. 2017) .........................................................................14

*Media.net Advert. FZ-LLC v. NetSeer, Inc.*,
    156 F. Supp. 3d 1052 (N.D. Cal. 2016) ...........................................................14

*Metro–Goldwyn–Mayer Studios Inc. v. Grokster, Ltd.*,
    545 U.S. 913 (2005)...................................................................................7, 8

*Mindlab Media, LLC. v. LWRC Int'l LLC*,
    No. 2:11-cv-3405-CAS-FFM, 2012 WL 386695 (C.D. Cal. Feb. 6, 2012)...............9

*Muench Photography, Inc. v. Pearson Educ., Inc.*,
    No. 3:13-cv-03937-WHO, 2013 WL 6172953 (N.D. Cal. Nov. 25, 2013) ...............6

*Music Force, LLC v. Sony Music Holdings Inc.*,
    No. CV19-6430 FMO, 2020 WL 5733258 (C.D. Cal. Aug. 12, 2020) ...................9

*Nat'l Photo Grp., LLC v. Allvoices, Inc.*,
    No. C-13-03627 JSC, 2014 WL 280391 (N.D. Cal. Jan. 24, 2014) ....................6, 9

*Perfect 10, Inc. v. Amazon.com, Inc.*,
    508 F.3d 1146 (9th Cir. 2007) ...................................................................................9

*Perfect 10, Inc. v. Giganews, Inc.*,
    847 F.3d 657 (9th Cir. 2017) .............................................................................5, 7, 8

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
    494 F.3d 788 (9th Cir. 2007) .................................................................................11

*Routt v. Amazon.com, Inc.*,
    No. C12-1307JLR, 2012 WL 5993516 (W.D. Wash. Nov. 30, 2012) ...................10

*SA Music LLC v. Apple, Inc.*,
    592 F. Supp. 3d 869 (N.D. Cal. 2022) ....................................................................6

*Sellify Inc. v. Amazon.com, Inc.*,
    No. 09 CIV 10268 JSR, 2010 WL 4455830 (S.D.N.Y. Nov. 4, 2010)...................11

*Shepard v. Miler*,
    No. CIV. 2:10–1863 WBS JFM, 2010 WL 5205108 (E.D. Cal. Dec. 15, 2010) ...................13

*Snapkeys, Ltd. v. Google LLC*,
    442 F. Supp. 3d 1196 (N.D. Cal. 2020) .................................................................15

*Spy Phone Labs LLC. v. Google Inc.*,
    No. 15-CV-03756-PSG, 2016 WL 1089267 (N.D. Cal. Mar. 21, 2016)...............12

*Steckman v. Hart Brewing, Inc.*,
    143 F.3d 1293 (9th Cir. 1998) ............................................................................6-7

*UMG Recordings, Inc. v. Shelter Cap. Partners LLC*,
    718 F.3d 1006 (9th Cir. 2013) ................................................................................6

*Zagorsky-Beaudoin v. Rhino Ent. Co.*,
    No. 2:18-cv-03031-JAT, 2019 WL 4259788 (D. Ariz. Sept. 9, 2019)....................6

**Statutes**

17 U.S.C. § 101 ................................................................................................................13

17 U.S.C. § 102 .........................................................................................................12, 13

17 U.S.C. § 103.2 .............................................................................................................12

17 U.S.C. § 301 .........................................................................................................12, 14

DMCA.....................................................................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 8 ................................................................................................................4

iv

Fed. R. Civ. P. 12(b)(6)...................................................................................................................4, 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

Plaintiff Comeback Media, Inc. makes its third attempt to rope Defendant Particle Media, Inc. into responsibility for alleged harms caused by Defendants Joshua Terreto and Total Impulse Sports.  But like both complaints before it, the Second Amended Complaint ("SAC") fails to state a claim against online platform NewsBreak which, if anything, was also a victim of Terreto and Total Impulse's alleged fraud.

The SAC alleges that Terreto and Total Impulse copied Plaintiff's articles, self-published those articles on NewsBreak, the news aggregation platform operated by Particle Media, and in some articles displayed a logo Plaintiff pleads is confusingly similar to Plaintiff's mark.  But conspicuously absent from the SAC is any plausible allegation that NewsBreak, rather than a Newsbreak user, copied or displayed Plaintiff's articles or used the mark; that NewsBreak induced Terreto or Total Impulse to do so; or that NewsBreak had actual knowledge of Terreto or Total Impulse's specific, infringing conduct.  That is unsurprising, as Newsbreak is a user-generated content platform that allows news publications to post their stories to a wide variety of readers, and does not itself publish or write the stories on its platform.

Plaintiff does not allege that it notified NewsBreak of the alleged infringement or asked NewsBreak to take down the copied materials of which it now complains.  Plaintiff simply alleges that NewsBreak acted like hundreds of online platforms that courts regularly decide do not directly, contributorily, or vicariously infringe intellectual property rights by allowing third parties to publish content.  Those omissions are fatal to Plaintiff's copyright and trademark infringement claims against NewsBreak.  Plaintiff's state law claims likewise fail, because they simply repackage copyright claims and thus the Copyright Act preempts them.  The Court should grant this motion and dismiss Plaintiff's claims against NewsBreak with prejudice.

## BACKGROUND

Particle Media provides the platform NewsBreak, an app and website that specializes in highlighting local journalism by hosting news articles, entertainment, sports news, weather updates, and other content news publishers and content creators provide.  NewsBreak has multiple

DEFENDANT PARTICLE MEDIA, INC. d/b/a NEWSBREAK'S NOTICE OF MOTION AND MEMO IN
SUPPORT OF MOTION TO DISMISS; CASE NO. 3:25-cv-003298-CRB

options for publishers, but one feature allows smaller publications to self-publish articles for inclusion on the NewsBreak platform, which it then makes available to users in a feed similar to some social media apps.  *See* SAC ¶ 14.  The SAC does not allege NewsBreak makes editorial or curation decisions involving publisher content (and it does not).  If a copyright owner discovers infringing content a publisher posted, it can take advantage of NewsBreak's notice and takedown process by submitting a takedown notice under the Digital Millenium Copyright Act.  *See* Req. for Judicial Notice ("RJN") Ex. A (NewsBreak's Terms of Use).

Plaintiff produces sports articles through several brands.  *Id.* ¶ 13. Plaintiff made and continues to make several of these brands and their articles available on NewsBreak.  One such property is Next Impulse Sports ("Next Impulse").  *Id.* ¶ 1.  In January 2025, Defendant Terreto allegedly began copying Next Impulse's articles.  *See id.* ¶ 22.  He did so by creating Digital Next, which Plaintiff alleges was doing business as Total Impulse, (collectively, "Total Impulse") a company Terreto controlled and directed.  *Id.* at 1, ¶ 11.  Terreto and Total Impulse then applied with NewsBreak to become a "verified publisher."[1]  *Id.*  At the time, NewsBreak defined verified publishers as "a[n] established news or content publisher, such as a newspaper, magazine, website, news channel, and news agency, who has a formal partnership account with NewsBreak and curates their own content."  *Id.*  A publisher did not need to be verified to post articles on NewsBreak.

On January 16, NewsBreak allegedly approved Total Impulse's application.  *Id.*  The SAC identifies no infringing content that Total Impulse at the time provided to NewsBreak or that NewsBreak was aware of.  Despite this, Plaintiff asserts that NewsBreak "endorsed [Total Impulse] as a partner as part of an attempt to benefit from Total Impulse's misconduct"—even though at that time, there was no "misconduct" for NewsBreak to be aware of.  *See id.*

Then, Plaintiff claims Terreto and Total Impulse copied and published ten Next Impulse articles and posted those articles on NewsBreak.  *Id.* ¶¶ 55-148.  Plaintiff does not plead infringement of any other registered works.  *Id.*  The SAC does not allege that NewsBreak itself

---

[1] At the time Terreto applied for verification, Digital Next was only presenting itself to NewsBreak under that name and not Total Impulse.

copied any Plaintiff articles or used the allegedly infringing Total Impulse mark. Nor does the SAC allege that NewsBreak was aware of Total Impulse's alleged specific acts of infringement. Instead, the SAC asserts "on information and belief" that "NewsBreak knew or should have known" of Total Impulse's alleged acts of infringement. *See id.* ¶¶ 23, 26. This is based on only two allegations. First, Plaintiff asserts in conclusive fashion that NewsBreak knew or should have known that its verification practices "did not prevent misconduct and, in fact, permitted bad actors to create bogus accounts" from which NewsBreak derived advertising revenue. *Id.* ¶ 23. Second, Plaintiff alleges that "Total Impulse and Terreto's misconduct was so brazen that NewsBreak knew that Total Impulse was behaving improperly"—because NewsBreak later suspended Total Impulse's account. *Id.* ¶ 26. But Plaintiff offers no facts illustrating that Particle Media had actual knowledge of Terreto's or Total Impulse's acts of direct infringement.

Plaintiff states it did not discover the infringement until mid-March 2025. *Id.* ¶ 21. Despite allegedly finding 895 stolen articles, however, Plaintiff did not submit a DMCA notice to NewsBreak or otherwise alert it to the infringement. *See id.* Instead, Plaintiff sued NewsBreak on April 11.

Plaintiff asserts NewsBreak has a history of "journalistic misconduct" but provides no facts to support that claim. *Id.* ¶¶ 24, 27. Instead, the SAC references a few blog or news articles not involving Terreto, Total Impulse, or similar schemes. *Id.* But two are about NewsBreak's use of AI, not infringers. *Id.* One involves an infringing account but shows that NewsBreak took active steps to prevent platform misuse. In that article, a contributor notified NewsBreak of infringement and in response:

> *Update 12/20/22*: NewsBreak came through! The account is gone. I emailed NewsBreak support on Saturday. By Monday the NewsBreak team responded with an apology and told me the account had been terminated.

SAC Ex. 32.

In addition to allegations of copyright infringement, the SAC also alleges Terreto and Total Impulse used a trademark confusingly similar to Next Impulse's mark in violation of the

Lanham Act.  *See* SAC ¶ 46.  Plaintiff makes no specific allegations as to Particle Media, relying on the same conclusory allegations that infect its copyright claims.  *Id.* ¶¶ 40, 43, 44.

## PROCEDURAL HISTORY

The Complaint asserted four causes of action against all Defendants: direct copyright infringement, direct trademark infringement, unfair and unlawful competition, and common law misappropriation.  On June 11, Plaintiff filed a First Amended Complaint that added some allegations but maintained the same claims.

On August 25, Plaintiff filed the SAC.  The SAC added no new factual information but introduced two new claims against Particle Media for vicarious and contributory copyright infringement, *id.* ¶¶ 183-97, and withdrew the direct copyright infringement claim against it, *id.* ¶ 154.  These new secondary liability claims are based on the same factual allegations in prior complaints.[2]

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim has facial plausibility only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A court need not accept "legal conclusions" as true, *id.*, and "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).  Dismissal is warranted where the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

---

[2] Because of the delay, Particle Media was forced to redraft its motion to dismiss incurring unnecessary additional fees.  This was easily avoidable, so Particle Media reserves the right to recover those fees and costs if the Court grants Particle Media's motion to dismiss.

**ARGUMENT**

## I.    PLAINTIFF FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

### A.    Plaintiff Fails to Allege Both Elements of a Contributory Infringement Claim

To state a claim for contributory copyright infringement the plaintiff must allege: (1) direct infringement by a third party; (2) the defendant's knowledge of that third party's direct infringement; and (3) that the defendant "either (a) materially contribute[d] to or (b) induce[d] that infringement." *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 670 (9th Cir. 2017).

**First, the SAC does not plausibly allege Particle Media had actual knowledge of specific acts of infringement**. A plaintiff must plead that the defendant had "actual knowledge of specific acts of infringement." *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013). This means that the defendant must have been on notice of specific instances of infringement of the plaintiff's particular copyrights. Knowledge of potential or past infringement on a service is not sufficient to state a prima facie claim, if the service is also capable of substantial, non-infringing uses. *See, e.g.*, A&M *Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1020–21 (9th Cir. 2001), *as amended* (Apr. 3, 2001), *aff'd*, 284 F.3d 1091 (9th Cir. 2002) (refusing to impute knowledge "to Napster merely because peer-to-peer file sharing technology may be used to infringe plaintiffs' copyrights").

Here, Plaintiff does not plausibly plead that Particle Media had actual knowledge of Terreto's alleged infringement: the SAC does not allege that Particle Media was aware that Terreto had displayed Plaintiff's specific articles on Particle Media's service, much less that Particle Media knew those articles were infringing. At most, the SAC recites in conclusory fashion that Particle Media "knew that Total Impulse was behaving improperly." SAC ¶ 26. But court after court has dismissed claims against platforms like NewsBreak premised on the bare allegation that the defendant knew or should have known of the infringement. In *Luvdarts*, for example, the Ninth Circuit emphasized that contributory liability does "not automatically follow where the 'system allows for the exchange of copyrighted material,'" especially where the

complaint contained only "conclusory allegations" about knowledge. 710 F.3d at 1072. Other courts in the Ninth Circuit have followed suit.[3] The same result is warranted here.

Likewise, Plaintiff does not allege that it notified Particle Media of the copied articles or used NewsBreak's DMCA process to submit a notice and takedown request. Where "plaintiffs never used this procedure," that "strongly indicat[es] that [the defendant] lacked actual knowledge of the alleged infringement." *See SA Music LLC v. Apple, Inc.*, 592 F. Supp. 3d 869, 882 (N.D. Cal. 2022). Indeed, a plaintiff's "decision to forgo the DMCA notice protocol 'strip[s] it of the most powerful evidence of a service provider's knowledge—actual notice of infringement from the copyright holder.'" *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1020 (9th Cir. 2013). Even receipt of notices from the copyright holder that "do not identify which of these titles were infringed, who infringed them, or when the infringement occurred" fail to establish such knowledge. *Luvdarts, LLC*, 710 F.3d at 1073 (dismissing contributory liability claim under Rule 12(b)(6)).

The SAC, moreover, contains allegations that directly contradict knowledge. When NewsBreak purportedly reviewed Total Impulse's verification request, no alleged infringement had occurred. SAC ¶ 23 ("[Total Impulse] had *no* content, had *no* working website, had *no* writers, and had *no* social media followers."). This belies any inference that Particle Media knew of specific infringement by Terreto or Total Impulse when they joined NewsBreak. And there are no allegations that NewsBreak learned facts subsequent to verification that show knowledge of infringement. It is well-settled that the court is "not required to accept as true conclusory

---

[3] *See, e.g.*, *Epikhin v. Game Insight N. Am.*, No. 5:14-cv-04383-LHK, 2015 WL 2412357, at *4 (N.D. Cal. May 20, 2015) (dismissing where the plaintiff failed to plead "any facts in support of the threadbare assertion that [defendant] 'had knowledge of the infringing acts relating to Plaintiffs' copyrighted works'" (citation omitted)); *Nat'l Photo Grp., LLC v. Allvoices, Inc.*, No. C-13-03627 JSC, 2014 WL 280391, at *6 (N.D. Cal. Jan. 24, 2014) (same where the plaintiff failed to allege "facts plausibly suggesting that Defendant was on any notice, constructive or otherwise, of the infringing photographs on its website"); *Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 3:13-cv-03937-WHO, 2013 WL 6172953, at *6 (N.D. Cal. Nov. 25, 2013) (same); *Zagorsky-Beaudoin v. Rhino Ent. Co.*, No. 2:18-cv-03031-JAT, 2019 WL 4259788, at *9 (D. Ariz. Sept. 9, 2019) (same).

allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

The SAC's remaining allegations about prior and unrelated alleged infringement on NewsBreak should not be credited. First, they concern different activities, like NewsBreak's use of AI tools. *See* SAC ¶¶ 24, 27. One of the articles cited, moreover, confirms that NewsBreak removed infringing material within two days of being notified. SAC Ex. 32. In any case, awareness of prior infringement "gives at most a general knowledge that infringement will likely occur again in the future; this does not give notice of any specific acts of infringement that are actually occurring." *ALS Scan, Inc. v. Steadfast Networks, LLC*, 819 F. App'x 522, 524 (9th Cir. 2020); *see also Harrington v. Pinterest, Inc.*, No. 5:20-CV-05290-EJD, 2021 WL 4033031, at *4 (N.D. Cal. Sept. 3, 2021) (dismissing contributory liability claim based on allegations the platform knew of past copying). Plaintiff must allege plausibly that Particle Media was on notice about the infringing "[w]ork <u>specifically</u>," and it does not. *Annabooks, LLC v. Issuu, Inc.*, No. 20-CV-04271-CRB, 2020 WL 6873646, at *5 (N.D. Cal. Sept. 24, 2020) (Breyer, J.) (emphasis in original). Plaintiff fails to state a claim for contributory liability, and this count should be dismissed.

**Second, the SAC does not adequately allege Particle Media materially contributed to or induced any direct infringement**. "In the online context," a "'computer system operator' is liable under a material contribution theory of infringement 'if it has *actual* knowledge that *specific* infringing material is available using its system, and can take simple measures to prevent further damage to copyrighted works, yet continues to provide access to infringing works.'" *Giganews*, 847 F.3d at 671 (emphasis in original). As discussed above, Plaintiff fails to allege actual knowledge, and that is fatal to the material contribution theory.

Plaintiff also fails to allege that Particle Media induced Terreto and Total Impulse's infringement by "distribut[ing] a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement." *Metro–Goldwyn–Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936–37 (2005). To establish

7

DEFENDANT PARTICLE MEDIA, INC. d/b/a NEWSBREAK'S NOTICE OF MOTION AND MEMO IN SUPPORT OF MOTION TO DISMISS; CASE NO. 3:25-cv-003298-CRB

1  inducement, a plaintiff must plead: "(1) the distribution of a device or product, (2) acts of

2  infringement, (3) an object of promoting its use to infringe copyright, and (4) causation."

3  *Giganews*, 847 F.3d at 672.  Courts emphasize that the defendant must have acted "'with the

4  object' of infringing copyright." *Id.*  When courts do find evidence of inducement, the plaintiff

5  adduced facts showing the defendant actively helped users locate copyrighted materials, or

6  explicitly directed advertising to users fleeing from a similar infringing service, like Napster.

7  *Grokster*, 545 U.S. at 938.  There are no comparable allegations here.  The contributory liability

8  claim must be dismissed.

9        **B.        Plaintiff Fails to State a Claim for Vicarious Infringement**

10        Plaintiff's claim for vicarious copyright infringement also fails.  To state such a claim, a

11  plaintiff must allege that the defendant: (1) enjoyed a direct financial benefit from the infringing

12  activity of the direct infringer; and (2) declined to exercise the right and ability to supervise or

13  control that infringing activity.  *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004).  The

14  SAC here falls short on both elements.

15        Plaintiff's conclusory allegations are insufficient to show that Particle Media received a

16  direct financial benefit from Terreto and Total Impulse's alleged infringement.  "The essential

17  aspect of the 'direct financial benefit' inquiry is whether there is a causal relationship between the

18  infringing activity and any financial benefit a defendant reaps." *Erickson Prods., Inc. v. Kast*, 921

19  F.3d 822, 829 (9th Cir. 2019).  The SAC only generally alleges that Particle Media "benefits

20  financially from the infringing content hosted on [the NewsBreak] platform, including through

21  shared advertising revenue and increased user engagement."  SAC ¶ 185; *see also id.* ¶¶ 4, 23.

22  But it provides no specific facts to support these allegations or to connect them to the specific

23  infringing acts.  *Giganews*, 847 F.3d at 673–74 (holding vicarious infringement requires defendant

24  to benefit from infringement of plaintiff's copyrighted works, not from "infringing material[s] in

25  general").  Plaintiff accuses Terreto and Total Impulse of "hijacking" revenue owed to Plaintiff,

26  SAC at 4—but does not address how Particle Media received a *direct* financial benefit from

27  Terreto and Total Impulse's infringement.  There is no allegation that Particle Media received a

28

DEFENDANT PARTICLE MEDIA, INC. d/b/a NEWSBREAK'S NOTICE OF MOTION AND MEMO IN
SUPPORT OF MOTION TO DISMISS; CASE NO. 3:25-cv-003298-CRB

1  commission for the ten infringing articles or those articles drew engagement translating directly

2  into profits for Particle Media.  *See*, *e.g.*, *Music Force, LLC v. Sony Music Holdings Inc.*, No.

3  CV19-6430 FMO (RAOx), 2020 WL 5733258, at *4 (C.D. Cal. Aug. 12, 2020) (dismissing claim

4  based on lack of allegations that defendant "gets a commission or revenue from the success of the

5  infringing work").  Plaintiff fails to plausibly allege that Particle Media derived a direct financial

6  benefit from Terreto and Total Impulse's infringement, and this alone warrants dismissal.

7  Plaintiff's vicarious infringement claim also fails on the control prong.  The SAC lacks

8  factual allegations showing that Particle Media had "both a legal right to stop or limit the directly

9  infringing conduct, as well as the practical ability to do so."  *Perfect 10, Inc. v. Amazon.com, Inc.*,

10  508 F.3d 1146, 1173 (9th Cir. 2007).  Specifically, the SAC recites that Particle Media "has the

11  right and ability to control the content published by its partner publishers, including through its

12  verification process and content moderation tools, but failed to exercise such control despite red

13  flags indicating infringement."  SAC ¶ 186.  But it provides no specific facts to support that

14  conclusory allegation.[4]  This allegation consists of, at most, a passing reference to NewsBreak's

15  verified publisher process that lacks all detail and makes no attempt to connect this "process" to

16  the allegedly infringing content.  *See i.d* ¶¶ 4, 23, 32, 35, 269, 186, 187, 193.  Similarly, the SAC

17  refers to "content moderation tools" once, without providing any facts about those tools or how

---

[4] Courts in the Ninth Circuit routinely dismiss barebones vicarious infringement allegations like those here.  *See*, *e.g.*, *French W., Inc. v. Soft Surroundings, Inc.*, No. 2:17-cv-8188-GW-SS, 2018 WL 4944421, at *4 (C.D. Cal. Feb. 15, 2018) (bare allegation that the defendants had right and ability to supervise infringing conduct and direct financial interest therein); *Ledesma v. Del Recs., Inc.*, No. 2:15-cv-4266-ODW-GJS, 2015 WL 8023002, at *2 (C.D. Cal. Dec. 4, 2015) (complaint that "alleges no facts to support (1) [the defendant's] right to stop or limit infringement and (2) [its] failure to exercise that right"); *Nat'l Photo Grp.*,  2014 WL 280391, at *8 (complaint that "simply parrots the elements of [vicarious infringement] without providing any factual allegations that would make such a claim plausible"); *Lickerish, Inc. v. Alpha Media Grp.*, No. 2:13-cv-00377, 2014 WL 12589641, at *4 (C.D. Cal. Jan. 2, 2014) (allegation that the defendant maintained "contractual control and derive[d] financial benefit from said agreement"); *Mindlab Media, LLC. v. LWRC Int'l LLC*, No. 2:11-cv-3405-CAS-FFM, 2012 WL 386695, at *4 (C.D. Cal. Feb. 6, 2012) (allegation that the defendants acted as "'the alter egos, agents, servants, employees, and joint ventures [sic] of each of the other [d]efendants,' and that all defendants 'were acting within the course and scope of such relationship and/or agreement'"); *Imageline, Inc. v. CafePress.com, Inc.*, No. 2:10–cv-9794-PSG-MAN, 2011 WL 1322525, *4 (C.D. Cal. Apr. 6, 2011) (same).

9

Particle Media could use them to control Terreto and Total Impulse's infringing activity. *Id.* ¶ 186. And the SAC lobs only bald assertions that Particle Media had both the legal right and practical ability to stop or limit the infringing acts, and that failed to exercise that right and ability. In short, Plaintiff merely parrots the elements of vicarious infringement. This does not meet the plausibility standard, and the vicarious infringement claim thus must be dismissed.

Finally, Plaintiff avoids referring to NewsBreak's publicly available Terms of Service, perhaps because those Terms undermine its vicarious liability claim. The Terms provide that publishers and contributors are "solely responsible" for their content and for ensuring that their content "does not infringe the intellectual property rights, . . . or any other rights of any person or entity," and that publishers and contributors are "independent contractor[s]" rather than employees. *See* RJN Ex. B (NewsBreak's Publisher Network Terms of Service); RJN Ex. C (NewsBreak's Contributor Network Terms of Service). These Terms contradict Plaintiff's conclusory allegation that Particle Media had control over Terreto and Total Impulse's infringing acts.[5] *See, e.g., Routt v. Amazon.com, Inc.*, No. C12-1307JLR, 2012 WL 5993516, at *3 (W.D. Wash. Nov. 30, 2012) (citing similar provisions to dismiss vicarious liability claims), *later decision*, 2013 WL 695922 (Feb. 26, 2013), *aff'd*, 584 F. App'x 713 (9th Cir. 2014).

## II.    PLAINTIFF'S TRADEMARK INFRINGEMENT CLAIM FAILS

### A.    Direct Trademark Infringement

Plaintiff fails to state a claim for direct infringement against NewsBreak. To adequately plead direct infringement, the plaintiff must allege facts showing that the defendant "directly use[d] the trademarks"—"a party that merely facilitates or assists others' use cannot be liable for direct infringement." *Atari Interactive, Inc. v. Redbubble, Inc.*, 515 F. Supp. 3d 1089, 1101 (N.D. Cal. 2021), *aff'd in part*, No. 21-17062, 2023 WL 4704891 (9th Cir. July 24, 2023). Here, the SAC does not allege that NewsBreak directly used the allegedly infringing mark, such as in the advertisement or sale of any products. Instead, the allegations underlying the trademark claim focus exclusively on Terreto and Total Impulse. *See* SAC ¶¶ 39-48. Indeed, the title of the

---

[5] The Court should dismiss the claims against Particle Media but, if it does not, Particle Media will assert it has immunity under the DMCA's safe harbor provision.

pertinent section of the SAC states "Total Impulse and Terreto Steal Next Impulse's Trademark." *Id.* at 10.  And the crux of the claim is that *Total Impulse* published content on NewsBreak under the infringing mark, *id.* ¶ 44, and "Terreto controlled, participated in, and induced Total Impulse to infringe Next Impulse's mark," *id.* ¶ 47.  As to NewsBreak, the SAC alleges only that "NewsBreak's endorsement of Total Impulse Sports as a 'verified' publisher . . . appears" on an archived internet page along with the allegedly infringing mark, and that this archived page was originally "hosted on NewsBreak servers."  *Id.* ¶ 43.  Even that allegation, however, does not assert NewsBreak's direct use of the infringing mark.  Viewed in the context of the specific allegations, Plaintiff's general assertion that all Defendants used the allegedly infringing mark fails to state a claim against NewsBreak.

Courts have dismissed similar claims of direct trademark infringement against platforms like NewsBreak.  *See, e.g., Ligeri v. Amazon.com Servs. LLC*, No. 2:25-CV-00764-JHC, 2025 WL 2161497, at *9 (W.D. Wash. July 30, 2025) (dismissing claim of direct infringement where complaint did not allege that Amazon rather than Amazon users, directly used plaintiff's marks); *see also Sellify Inc. v. Amazon.com, Inc.*, No. 09 CIV 10268 JSR, 2010 WL 4455830, at *2 (S.D.N.Y. Nov. 4, 2010) ("Direct liability exists under the Lanham Act only when the defendant itself unlawfully uses in commerce another's trademark . . . .").  The same result is warranted here.

## B.    Contributory Trademark Infringement

Plaintiff does not specifically allege contributory trademark infringement but, even if the SAC can be construed to assert such a theory, it fails to state a claim.  Contributory liability may be imposed only if the defendant (1) intentionally induces another to infringe a trademark, or (2) continues to supply a product knowing (or having reason to know) that the recipient is using it to engage in trademark infringement.  *See Inwood Lab'ys, Inc. v. Ives Lab'ys, Inc.*, 456 U.S. 844, 854 (1982).  "The tests for secondary trademark infringement are ***even more difficult*** to satisfy than those required to find secondary copyright infringement."  *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 806 (9th Cir. 2007) (emphasis added).

1    As with the contributory copyright claims, the SAC does not allege that NewsBreak

2    induced the alleged infringement.  Indeed, the only allegation of inducement relates to Terreto.

3    SAC ¶ 47 ("Terreto. . . induced Total Impulse to infringe Next Impulse's mark.").  In any event, in

4    cases with defendants like Particle Media that operate a platform, plaintiffs must show that

5    defendants had "[d]irect control and monitoring of the instrumentality used by a third party to

6    infringe plaintiff's mark."  *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 984 (9th

7    Cir. 1999).  If not, liability based on knowledge or reason to know may not be imposed.  Here,

8    Plaintiff alleges that the servers on which the infringing mark was hosted were "controlled by . . .

9    bad actors," such as Terreto and Total Impulse.  SAC ¶ 23.  The absence of any allegation of

10   direct control and monitoring by NewsBreak is fatal to Plaintiff's claims.

11   Even where direct control and monitoring exists, a mark owner still must show the

12   defendant's knowledge of the infringement or reason to know to prevail.  That knowledge must be

13   specific or particularized; generalized knowledge that a site or service could be, or is used for

14   infringement, is insufficient.  *See Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936,

15   943 (9th Cir. 2011).  "Some contemporary knowledge of which particular listings are infringing or

16   will infringe is necessary."  *Spy Phone Labs LLC. v. Google Inc.*, No. 15-CV-03756-PSG, 2016

17   WL 1089267, at *3 (N.D. Cal. Mar. 21, 2016) (cleaned up).  Here, Plaintiff offers no more than

18   general allegations that NewsBreak (1) "knew that Total Impulse was behaving improperly," SAC

19   ¶ 26; (2) "knew or should have known that bad actors created bogus accounts and populated

20   NewsBreak servers with infringing copies of other publishers' articles," *id.* ¶ 27; (3) "knew or

21   should have known that the bad actors generated revenue by hijacking referrals that would

22   otherwise have been directed to the publishers' copies of their articles," *id.*; and (4) "knew or

23   should have known that its 'verification' practices did not prevent misconduct and, in fact,

24   permitted bad actors to create bogus accounts from which NewsBreak derived advertising

25   revenue," *id.* ¶ 22.  These generalized allegations are inadequate to state a trademark infringement

26   claim.

27

28

1

### III.     FEDERAL LAW PREEMPTS PLAINTIFF'S STATE LAW CLAIMS

2

Plaintiff's claims under California's UCL and common law misappropriation must be

3

dismissed because federal copyright law preempts them.  *Laws v. Sony Music Ent., Inc.*, 448 F.3d

4

1134, 1137 (9th Cir. 2006).  Preemption is required when a work is (1) within the subject matter of

5

copyright as defined by 17 U.S.C. §§ 102 and 103.2, and (2) the rights protected by state law are

6

equivalent to those protected by the Copyright Act.  *Kodadek v. MTV Networks, Inc.*, 152 F.3d

7

1209, 1213 (9th Cir. 1998); *see* 17 U.S.C. § 301(a).  For the latter prong, to avoid preemption, "the

8

state cause of action must protect rights which are qualitatively different from the copyright

9

rights," and "have an extra element which changes the nature of the action."  *Del Madera Props v.*

10

*Rhodes & Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987) (cleaned up).  Courts cannot "rely

11

merely on a laundry list of the alleged elements of the state law claims at issue, such that the

12

mere *possibility* of an extra element protects a claim from preemption."  *Shepard v. Miler*, No.

13

CIV. 2:10–1863 WBS JFM, 2010 WL 5205108, at *9 (E.D. Cal. Dec. 15, 2010).  Rather, they

14

must "engage in a fact-specific inquiry into the *actual* allegations underlying the claims at issue in

15

the case, so as to determine whether the gravamen of the state law claim asserted is the same as the

16

rights protected by the Copyright Act."  *Id*.  Both prongs of the test are satisfied here.

17

The first prong for preemption is satisfied here because the articles that are the focus of

18

Plaintiff's state law claims fall within the subject matter of the Copyright Act.  Literary works—

19

that is, "works . . . expressed in words, numbers, or other verbal or numerical symbols or indicia,

20

regardless of the nature of the material objects, such as books, periodicals, manuscripts,

21

phonorecords, film, tapes, disks, or cards, in which they are embodied"—are expressly included in

22

Section 102.  *See* 17 U.S.C. § 102; *id.* § 101 (defining "literary works").  And Plaintiff's primary

23

claim is under the Copyright Act.

24

Plaintiff fares no better under the second prong, equivalent rights.  A "fact-specific

25

inquiry" into Plaintiff's allegations reveals that the state law claims are merely repackaged

26

versions of the copyright claims.  Each state law cause of action "re-alleges and incorporates by

27

reference . . . as though the same were set forth in full" all of Plaintiff's copyright allegations.  *See*

28

---

13

SAC ¶¶ 167, 174.  With respect to the UCL, Plaintiff's principal allegation is that NewsBreak's "unfair" and "unlawful" business practice[6] was the "misappropriation, conversion, and invasion of Comeback's property rights in and to . . . the Registered Articles."  *Id.* ¶ 168.  Plaintiff's misappropriation claim rests on the allegation that NewsBreak "wrongfully exercised dominion over Comeback's property by copying and distributing the[] articles without Comeback's consent."  *Id.* ¶ 177.  The "property" at issue is Plaintiff's intellectual property, and copying and distributing are core exclusive rights protected by the Copyright Act.  In short, the predominant focus of Plaintiff's state law claims is Defendant's unauthorized use of copyrighted works.  Because nothing about those claims "transform[s] the nature of the action" into something other than copyright, *Laws*, 448 F.3d at 1143, they are preempted and must be dismissed.

Courts in the Ninth Circuit regularly find state law claims like Plaintiff's preempted when, as here, they do not differ from claims brought under the Copyright Act.  *See Media.net Advert. FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d 1052, 1074-75 (N.D. Cal. 2016) (UCL claim against competitor based on competitor's alleged unauthorized copying of registered code used on Internet website preempted); *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1011 (9th Cir. 2017) ("[W]hen a likeness has been captured in a copyrighted artistic visual work and the work itself is being distributed for personal use, a publicity-right claim interferes with the exclusive rights of the copyright holder, and is preempted by section 301 of the Copyright Act.").  Because the articles at issue are covered by the Copyright Act and Plaintiff's state law claims are qualitatively identical to its copyright claims, the state law claims are preempted and must be dismissed.

Plaintiff's claim under the "unlawful" prong of the UCL is likewise either preempted or fails as a matter of law, because it has not stated a claim that NewsBreak infringed its copyright or trademark.  *See, e.g., Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 647 (N.D. Cal. 2021) ("[If] the plaintiff cannot state a claim under the predicate law the UCL claim also fails.") (cleaned up), *appeal dismissed*, No. 21-15659, 2021 WL 4785889 (9th Cir. May 17, 2021).  This claim should be dismissed.

---

[6] Comeback does not claim that NewsBreak violated the "fraudulent" prong of the UCL.

1  Comeback also alleges in passing that Particle Media engaged in unfair and unlawful

2  competition by infringing its alleged copyrights and trademark.  SAC ¶ 168.  Even if Plaintiff can

3  avoid preemption, this claim also fails because "[i]n competitor cases, a business practice is

4  'unfair' only if it 'threatens an incipient violation of an antitrust law, or violates the policy or spirit

5  of one of those laws because its effects are comparable to or the same as a violation of the law, or

6  otherwise significantly threatens or harms competition.'"  *Snapkeys, Ltd. v. Google LLC*, 442 F.

7  Supp. 3d 1196, 1209 (N.D. Cal. 2020).  Plaintiff alleges in conclusory fashion that NewsBreak's

8  process for labeling verified publishers is too lax and thereby "constitutes an unfair business

9  practice that harms legitimate publishers like Comeback and distorts competition in the digital

10  media market."  SAC ¶ 169.  Setting aside that such allegations do not accurately describe

11  NewsBreak's verification process, they are also plainly conclusory.  The Ninth Circuit has made

12  clear that similar allegations are insufficient to satisfy the requirement that the effect of the

13  defendant's conduct amounts to a violation of antitrust laws or otherwise significantly threatens or

14  harms competition.  *See Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1137 (9th Cir. 2014) (holding that

15  similar generalized allegations of "harm to competition" were too conclusory and thus insufficient

16  to plead a UCL unfair prong claim).  Plaintiff otherwise "focuses on harm to itself, which is

17  insufficient to state a claim under the 'unfair' prong of the UCL."  *See Snapkeys, Ltd.*, 442 F.

18  Supp. 3d at 1210.

### IV.    DISMISSAL SHOULD BE WITH PREJUDICE

20  Plaintiff already had three chances to plead proper claims, and the multiple amendments

21  have forced significant fees and costs on Particle Media.  If the Court grants this Motion, it should

22  dismiss the claims with prejudice.

### CONCLUSION

24  For the above reasons, the Second Amended Complaint should be dismissed with

25  prejudice.

26  ///

27  ///

28

DEFENDANT PARTICLE MEDIA, INC. d/b/a NEWSBREAK'S NOTICE OF MOTION AND MEMO IN
SUPPORT OF MOTION TO DISMISS; CASE NO. 3:25-cv-003298-CRB

1    DATED: September 8, 2025                    **ZWILLGEN LAW LLP**

2                                               By: /s/ Sheri Pan
3                                               Sheri Pan (SBN 316136)
                                                sheri@zwillgen.com
4
                                                *Attorney for Defendant*
5                                               *Particle Media, Inc. d/b/a NewsBreak*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT PARTICLE MEDIA, INC. d/b/a NEWSBREAK'S NOTICE OF MOTION AND MEMO IN
SUPPORT OF MOTION TO DISMISS; CASE NO. 3:25-cv-003298-CRB