IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMEBACK MEDIA, INC., <br><br>Plaintiff, <br><br>v. <br><br>PARTICLE MEDIA, INC., et al., <br><br>Defendants. | Case No. 25-cv-03298-CRB <br><br>**ORDER GRANTING IN PART AND DENYING IN PART PARTICLE MEDIA, INC.'S MOTION TO DISMISS** |

Plaintiff Comeback Media, Inc. d/b/a Next Impulse Sports ("Comeback") brought this action against Defendants Particle Media, Inc. ("NewsBreak"), Digital Next, Inc. ("Total Impulse"), and individual defendants for claims stemming from alleged infringement of Comeback's copyrights and trademark. SAC (dkt. 25) at ¶¶ 1–4. Comeback alleges Total Impulse and the individual defendants copied and published Comeback's news articles on NewsBreak—stealing the traffic and revenue that would otherwise belong to Comeback. Id. Comeback asserts claims for copyright infringement, trademark infringement, unfair competition, and misappropriation. Id. ¶¶ 151–197. NewsBreak now moves to dismiss the claims against it. Mot. (dkt. 28). The Court GRANTS the motion in part and DENIES in part.[1]

**I.    BACKGROUND**

Comeback is a digital media company that publishes articles on its websites. SAC ¶ 13. Comeback built its business around earning revenue from syndication deals with news apps and websites, which aggregate articles from publishers into a customizable

---

[1] Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for resolution without oral argument.

1  newsfeed for a user.  Id. ¶ 14.  Comeback gets a share of the advertising revenue from user
2  visits to their content on apps and websites.  Id. ¶ 15.
3      Next Impulse, one of Comeback's news websites, had a non-contractual
4  relationship with NewsBreak, an app and website that platforms publisher content.  SAC ¶
5  17.  Accordingly, NewsBreak would direct users to Next Impulse's website from article
6  previews on its platform.  Id.  The arrangement was profitable for Comeback—generating
7  $250,000 per month in November 2024.  Id. ¶ 18.  But in early 2025, visits to Next
8  Impulse dropped precipitously.  Id. ¶ 19.
9      Comeback discovered a company called Total Impulse had been copying
10 Comeback's articles and passing them off as its own on NewsBreak.  SAC ¶ 21.  The
11 copies kept the same content, pictures, and even videos—with many articles stating the
12 posts originated from Next Impulse.  Id. ¶¶ 52, 60.  Total Impulse was a "Verified
13 Publisher," meaning it had a formal partnership with NewsBreak and curated its own
14 content.  Id. ¶ 22.  Total Impulse obtained this status on January 16, 2025—before it had
15 any website, content, or writers.  Id.  Comeback claims Total Impulse induced NewsBreak
16 to redirect referrals to Next Impulse articles to Total Impulse, instead.  Id. ¶ 26.
17     Not only is Total Impulse alleged to have stolen Next Impulse articles, but it is also
18 alleged to have stolen Next Impulse's trademark, too.  SAC ¶ 39–42.

| Figure 1:  Next Impulse Mark | Figure 2:  Total Impulse Mark |
|---|---|
|  | |

Id. ¶ 42.

    Comeback alleges NewsBreak somehow discovered the misconduct and suspended Total Impulse's account.  SAC ¶ 26.  Comeback alleges that Total Impulse was hardly the first to infringe articles from other publishers on NewsBreak and that NewsBreak's

verification practices did nothing to stop bad actors. Id. ¶¶ 23, 27. Even after NewsBreak became aware of Total Impulse's infringement, it did not reinstate referrals to Next Impulse, despite Comeback's request. Id. ¶ 28.

Comeback has been harmed from this alleged misconduct. It lost basically all of the revenue from NewsBreak referrals—even impacting syndication with other platforms. SAC ¶¶ 29–30. Next Impulse also lost many of its writers because they could not earn any money from the collapse in referrals. Id. ¶¶ 31–34. Comeback even lost a potential buyer due to the financial hit to Next Impulse. Id. ¶¶ 35–38.

In preparation for this lawsuit, Comeback obtained copyright registrations for ten of the stolen articles. Then, on April 11, 2025, Comeback filed the instant action. Compl. (dkt. 1). Before NewsBreak filed its motion to dismiss, Comeback amended its complaint twice—the second amendment by leave of this Court. See Motion for Leave (dkt. 18). In its Second Amended Complaint, Comeback brings five claims against NewsBreak: trademark infringement, vicarious copyright infringement, contributory copyright infringement, unfair competition (Cal. Bus. & Prof. Code § 17200), and common law misappropriation. SAC ¶¶ 159–197. NewsBreak moved to dismiss all the claims against it. Mot.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal citation omitted). And a court must construe the alleged facts in the light most favorable to the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must

"draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion). Courts, however, are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1008 (9th Cir. 2018) (internal citation omitted).

### III. DISCUSSION

NewsBreak seeks to dismiss all claims against it by arguing that Comeback fails to state claims for copyright and trademark infringement and that Comeback's state law claims are preempted. The Court addresses each argument in turn.

#### A. Contributory Copyright Infringement

NewsBreak argues Comeback fails to adequately allege the elements of a contributory copyright infringement claim. The Court agrees.

To state a claim for contributory copyright infringement, a plaintiff must allege: (1) a defendant's knowledge of another's infringement and (2) that they either (a) materially contributed to or (b) induced the infringement. Perfect 10, Inc. v. Giganews, Inc., 847 F.3d 657, 670 (9th Cir. 2017). The parties differ on the requisite threshold for knowledge. NewsBreak contends that actual knowledge is required. Mot. at 5. Comeback argues that a "had reason to know" constructive standard is also permissible. Opp'n at 3. Comeback is correct. While the Ninth Circuit has not always been clear[2], it has "interpreted the knowledge requirement for contributory copyright infringement to include both those with actual knowledge and those who have reason to know of direct infringement." Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004) (emphasis in original). But NewsBreak is also right that Comeback must allege "knowledge of specific infringers or instances of infringement." Y.Y.G.M. SA v. Redbubble, Inc., 75 F.4th 995, 1001 (9th Cir. 2023) (emphasis added), cert. denied, 144 S. Ct. 824, 218 L. Ed. 2d 32 (2024); Reply (dkt. 31)

---

[2] After Ellison, the Ninth Circuit has, at times, stated that "actual knowledge" is required for contributory infringement liability. See, e.g., Luvdarts, LLC v. AT & T Mobility, LLC, 710 F.3d 1068, 1072 (9th Cir. 2013). But Ellison remains good law and other courts in this District have agreed that it still applies for contributory infringement. See, e.g., YZ Prods., Inc. v. Redbubble, Inc., 545 F. Supp. 3d 756, 763 (N.D. Cal. 2021) (citing Ellison favorably).

at 3.

Comeback does not allege NewsBreak had actual knowledge of the infringement. Indeed, Comeback alleges NewsBreak <u>later</u> suspended Total Impulse's account due to its misconduct. SAC ¶ 26. Comeback did not send a notice to NewsBreak, either. Accordingly, Comeback can only satisfy the knowledge element if it sufficiently alleges NewsBreak had reason to know of Total Impulse's infringement. And it has failed to do so.

Viewed in the most favorable light, Comeback's strongest allegations for constructive knowledge involve Total Impulse's blatant infringement (verbatim content, same images, same authors, etc.). Opp'n at 4–5 ("red flags that made infringement 'obvious' to NewsBreak"). But the Ninth Circuit has recognized that "contributory liability [does] not automatically follow where [a] 'system allows for the exchange of copyrighted material.'" <u>Luvdarts</u>, 710 F.3d at 1072 (quoting <u>A&M Records, Inc. v. Napster, Inc.</u>, 239 F.3d 1004, 1021 (9th Cir. 2001)). Accordingly, the mere existence of Total Impulse's infringing material on NewsBreak is insufficient on its own to establish NewsBreak should have known of the infringement. The Court concludes Comeback fails to adequately allege that NewsBreak had the requisite specific knowledge of infringement.

Similarly, Comeback fails to establish material contribution or inducement. Under a material contribution theory in the online context, a system operator is liable if it has knowledge that "<u>specific</u> infringing material is available using its system, and can take simple measures to prevent further damage to copyrighted works, yet continues to provide access to infringing works." <u>Perfect 10</u>, 847 F.3d at 671 (emphasis in original). Comeback does make a strong showing regarding NewsBreak's systemic measures for copyrighted work. For example, Comeback alleges NewsBreak gave Total Impulse "Verified Publisher" status before it even had a website or content. SAC ¶ 22. But Comeback defeats its own claim. By alleging NewsBreak suspended Total Impulse's account upon discovery of its misconduct, Comeback fails to show that NewsBreak continued to provide access to the infringing works. Likewise, Comeback's inducement

1  theory fails because Comeback must show NewsBreak had an "objective to infringe
2  copyrights," which necessarily fails if NewsBreak took affirmative steps to <u>stop</u> Total
3  Impulse's infringement.  <u>Perfect 10</u>, 847 F.3d at 672.
4       Because Comeback fails to sufficiently plead both the knowledge and material
5  contribution/inducement elements of a contributory copyright infringement claim, the
6  Court grants NewsBreak's motion as to the claim.

     **B.    Vicarious Copyright Infringement**

8       NewsBreak contends that Comeback fails to state the elements of a vicarious
9  copyright infringement claim.  Mot. 8–10.  The Court disagrees.
10      "[O]n a claim for vicarious infringement, a plaintiff must prove the defendant has
11 (1) the right and ability to supervise the infringing conduct and (2) a direct financial
12 interest in the infringing activity."  <u>Perfect 10</u>, 847 F.3d at 673 (internal quotation marks
13 omitted).  A financial benefit "exists where the availability of infringing material acts as a
14 'draw' for customers."  <u>Ellison</u>, 357 F.3d at 1078 (internal quotation marks omitted).  The
15 size of the "draw" is immaterial as only a "causal link" between the infringing activity and
16 the benefit is needed.  <u>Perfect 10</u>, 847 F.3d at 673.
17      NewsBreak argues Comeback's allegations regarding NewsBreak's verified
18 publisher process and content moderation are conclusory.  Mot. at 9–10.  NewsBreak
19 points to its Terms of Service which purport to clarify that "publishers and contributors are
20 'solely responsible' for their content" and that they should make sure the content doesn't
21 infringe on intellectual property rights.  <u>Id.</u> at 10; RJN (dkt. 29) Exs. A–C.[3]  But while that
22 is true, the Terms of Service <u>also</u> make clear that "NewsBreak may, in [its] sole discretion,
23 determine [a publisher's] Content to be hosted on [its] Publisher Services and <u>remove</u>
24 <u>some or all of the Content for any reason</u>."  See, e.g., RJN Ex. B (emphasis added).  That is

---

[3]  With respect to the webpages of NewsBreak's Terms of Service, the Court takes judicial notice of their existence because they are publicly available from a source whose accuracy cannot reasonably be questioned and whose contents can be accurately determined.  See <u>In re Meta Pixel Tax Filing Cases</u>, 724 F. Supp. 3d 987, 1001 (N.D. Cal. 2024) (holding that publicly available websites are proper subjects of judicial notice).

6

the very definition of the right and ability to supervise content. Moreover, Comeback's allegations regarding content moderation are not conclusory. Comeback shows moderation in practice by alleging NewsBreak suspended Total Impulse's account due to misconduct. SAC ¶ 26. Accordingly, Comeback has made a sufficient showing on the right to control content prong.

Comeback also adequately alleges NewsBreak had a direct financial benefit from Total Impulse's infringement. NewsBreak contends there is no allegation it received a "commission for the ten infringing articles or those articles drew engagement translating directly into profits." Mot. at 8–9. While NewsBreak is correct that Comeback does not explicitly address revenue from the ten articles, Comeback raises the plausible inference that NewsBreak derived financial benefit from Total Impulse's infringement. Comeback alleges NewsBreak would get traffic and ad revenue from articles published on its platform. See SAC ¶¶ 2, 17. And Comeback explained how Total Impulse had copied its articles, which led to a collapse of traffic to Next Impulse's articles. "[W]here, as here, the financial benefit is alleged to come directly from specific acts of infringement . . . there is a clear causal link between the infringement and the financial benefit." Robinson v. Binello, 771 F. Supp. 3d 1114, 1126 (N.D. Cal. 2025).

Because Comeback brings sufficient allegations to support a claim for vicarious copyright infringement, the Court denies NewsBreak's motion as to this claim.

### C. Trademark Infringement

NewsBreak argues Comeback has failed to state a claim for direct trademark infringement against it.[4] Mot. at 10–11. The Court agrees.

"To prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a party must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion."

---

[4] Comeback's complaint does not clearly specify which kind of trademark infringement liability Comeback seeks to impose on NewsBreak. In its opposition, Comeback states that "NewsBreak directly used Comeback's 'Next Impulse Sports' mark." Opp'n at 8. Consequently, the Court interprets Comeback's claim as one for direct trademark infringement.

Network Automation, Inc. v. Advanced Sys. Concepts, Inc., 638 F.3d 1137, 1144 (9th Cir. 2011) (quotation marks omitted). "However, the alleged infringer must directly use the trademarks; a party that merely facilitates or assists others' use cannot be liable for direct infringement." Atari Interactive, Inc. v. Redbubble, Inc., 515 F. Supp. 3d 1089, 1101 (N.D. Cal. 2021) ("Other service providers that aid the infringer may avoid liability altogether."), aff'd in part, appeal dismissed in part, No. 21-17062, 2023 WL 4704891 (9th Cir. July 24, 2023).

NewsBreak only challenges the second element—arguing that Comeback has failed to "allege that NewsBreak directly used the allegedly infringing mark." Mot. at 10. Comeback asserts that NewsBreak "directly used" Next Impulse's mark by "hosting and displaying" Total Impulse's mark on their stolen articles via the NewsBreak platform. Opp'n at 8. But this theory is "unsuccessful because the 'use' in question is being carried out by [Total Impulse]," not NewsBreak. Rigsby v. GoDaddy Inc., 59 F.4th 998, 1004 (9th Cir. 2023). "A claim aimed at [a] third party cannot be repackaged to assert use by" NewsBreak. Id. Comeback's argument that NewsBreak's search service sending users to Total Impulse constitutes direct use also falls short. Opp'n at 8. It, too, points to Total Impulse directly using the mark. Comeback's conduct would, at most, merely facilitate Total Impulse's use. Cf. Perfect 10, Inc. v. Giganews, Inc., 2013 WL 2109963, at *14 (C.D. Cal. Mar. 8, 2013) ("Defendants do not 'use' Plaintiff's marks in a commercial transaction by merely offering a search function that allows third parties to search for images using Plaintiff's marks as search terms."), aff'd, 847 F.3d 657 (9th Cir. 2017).

Accordingly, the Court dismisses Comeback's direct trademark infringement claim against NewsBreak.

### D. Preemption

NewsBreak asserts that both of Comeback's state law claims—unfair competition and misappropriation—are preempted by the Copyright Act. Mot. at 13–15. The Court agrees.

The Copyright Act expressly preempts related state law claims based on "any of the

8

exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a). A state law claim is preempted if (1) "the rights that a plaintiff asserts under state law [are] 'rights that are equivalent' to those protected by the Copyright Act" and (2) "the work involved [falls] within the 'subject matter' of the Copyright Act." Kodadek v. MTV Networks, Inc., 152 F.3d 1209, 1212 (9th Cir. 1998). For the equivalent rights element, a claim only survives if it "protects rights which are qualitatively different from the copyright rights" and has "an extra element which changes the nature of the action." Laws v. Sony Music Ent., Inc., 448 F.3d 1134, 1143 (9th Cir. 2006). As the parties do not dispute the subject matter element of preemption, Comeback's state law claims escape preemption if they satisfy the equivalent rights element.

Comeback seeks to distinguish its unfair competition claim by framing it as challenging NewsBreak's "lax verification and refusal to restore referrals." Opp'n at 8. But a review of Comeback's complaint makes clear that it is really basing the claim on copyright. Comeback specifically alleges the "lax and inadequate verification process," which allows "bad actors to easily obtain verified status and monetize stolen content, constitutes an unfair business practice." SAC ¶ 169 (emphasis added). Because the allegations Comeback relies on "involve the encouragement or inducement of copyright infringement," the Copyright Act preempts Comeback's unfair competition claim. See Ryan v. Editions Ltd. W., Inc., 417 F. App'x 699, 701 (9th Cir. 2011).

Comeback's misappropriation claim fares no better. Comeback styles it as being about the "wrongful taking of Comeback's business value." Opp'n at 8. But the complaint exposes the true nature of the claim. Comeback alleges NewsBreak "wrongfully exercised dominion over Comeback's property by copying and distributing these articles" and that this substantial interference with "Comeback's ownership rights" deprived it of economic benefit. SAC ¶¶ 177–179. Such a claim is "not qualitatively different from the rights protected under copyright law"—it is copyright law. Laws, 448 F.3d at 1144.

Because the underlying nature of Comeback's state law claims is part and parcel of

1   a copyright claim, the Court dismisses them.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS NewsBreak's motion in part and DENIES in part. As this is Comeback's first chance to address a motion to dismiss, Comeback is granted leave to amend.

**IT IS SO ORDERED.**

Dated: October 30, 2025

CHARLES R. BREYER
United States District Judge