Sheri Pan (SBN 316136)
ZWILLGEN LAW LLP
369 Pine Street, Suite 506
San Francisco, CA 94104
Telephone: (415) 590-2341
sheri@zwillgen.com

Jacob Sommer (*pro hac vice* forthcoming)
ZWILLGEN PLLC
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 706-5233
jake@zwillgen.com

*Attorneys for Defendant*
*Particle Media, Inc. d/b/a NewsBreak*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| COMEBACK MEDIA, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> PARTICLE MEDIA, INC. d/b/a NEWSBREAK; DIGITAL NEXT MEDIA, INC. d/b/a TOTAL IMPULSE SPORT; TYLER LEYDON a/k/a TYLER CHIKHANI a/k/a JOSHUA TERRETO; and JOHN DOES 1-30, <br><br> *Defendants.* | Case No. 3:25-cv-03298-CRB <br><br> **DEFENDANT PARTICLE MEDIA, INC. d/b/a NEWSBREAK'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT** <br><br> Judge:      Hon. Charles R. Breyer <br> Hearing Date: February 13, 2026 <br> Time:      10:00 a.m. <br> Courtroom:  6, 17th Floor <br><br> Stipulated Opposition Deadline: Dec. 12, 2025 <br> Stipulated Reply Deadline: Jan. 3, 2026 |

*United States District Court*
*Northern District of California*

**United States District Court**
**Northern District of California**

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO THE COURT AND ALL PARTIES OF RECORD:**

PLEASE TAKE NOTICE THAT on February 13, 2026, or as soon thereafter as this matter may be heard, before the Honorable Charles R. Breyer in Courtroom 6, 17th Floor of the San Francisco Courthouse located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Particle Media, Inc. d/b/a NewsBreak moves this Court for an order granting its Motion to Dismiss the Third Amended Complaint.  This Motion is made based on Federal Rule of Civil Procedure 12(b)(6) on the basis that Plaintiff's allegations fail to state a valid claim.  This Motion will be based on this Notice; the accompanying Memorandum of Points and Authorities; the complete record; and such other matters and arguments as may come before the Court, including those raised in connection with reply briefing and oral argument relating to this Motion.

## SUMMARY OF ARGUMENT

Plaintiff Comeback Media, Inc. ("Plaintiff") is now on its fourth attempt to assert proper claims against Particle Media, Inc. d/b/a NewsBreak ("NewsBreak"), a platform on which users can publish news and other content.  On October 30, this Court granted NewsBreak's motion to dismiss on all claims in the Second Amended Complaint (contributory copyright infringement, direct trademark infringement, unfair competition under Cal. Bus. & Prof. Code § 17200 *et seq.*, and misappropriation), except vicarious infringement.  *See* Order on Mot. to Dismiss, ECF 33. Plaintiff now re-asserts those same claims in the Third Amended Complaint ("TAC"), but those allegations do not address the fatal deficiencies identified in the Court's Order.

First, Plaintiff's contributory infringement claim still does not plausibly allege that NewsBreak knew or had reason to know of the specific infringement of the ten allegedly copied articles.  Instead, Plaintiff relies on an incorrect standard to argue that NewsBreak is liable because it "had actual knowledge of . . . prior instances of similar infringement schemes" and should have prescreened and "monitor[ed]" all user content posted on its platform.  TAC ¶¶ 31, 216.  Plaintiff, however, cannot show requisite knowledge by referencing infringement of different works by different people.  *See* Order at 4 (emphasizing same); Reply in Supp. of Mot. to Dismiss SAC at 2-

DEFENDANT PARTICLE MEDIA, INC. d/b/a NEWSBREAK'S NOTICE OF MOTION AND MEMO IN SUPPORT OF MOTION TO DISMISS; CASE NO. 3:25-cv-003298-CRB

3, ECF 31 (collecting cases).  In addition, no court has held that a platform like NewsBreak has a duty to scan content for potential copyright infringement.  *See* Order at 5 (holding "contributory liability does not automatically follow where a system allows for the exchange of copyrighted material" and "the mere existence of Total Impulse's infringing material on NewsBreak is insufficient on its own to establish NewsBreak should have known of the infringement" (cleaned up)).

Second, although the Court previously permitted Plaintiff's vicarious infringement claim to proceed, the TAC's allegations fail to state a claim as a matter of law.  On the supervision and control prong, NewsBreak's suspension of Total Impulse does not support an inference that it "declin[ed] to exercise a right to stop or limit" the infringement.  *Compare Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005), *with* Order at 7.  It refutes it.  On the direct financial benefit prong, the TAC (like the SAC) "does not explicitly address revenue from the ten articles."  Order at 7.  And Plaintiff's generalized allegation that NewsBreak receives traffic and ad revenue from articles published on it is not enough.  *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 673 (9th Cir. 2017) ("[T]he direct financial benefit prong of the vicarious infringement test demands more than evidence that customers were 'drawn' to Giganews to obtain access to infringing material in general." (internal quotation marks omitted)).

Third, Plaintiff previously withdrew the direct copyright infringement claim from the SAC but now adds it back in.  The allegations, however, are textbook examples of conduct that do not give rise to direct infringement.  Automatic copying, storing, or transmission of copyrighted materials is not volitional conduct.  *Giganews, Inc.*, 847 F.3d at 669-70.  Likewise, "operating a system used to make copies at the user's command does not mean that the system operator, rather than the user, caused copies to be made."  *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2014).  Here, the TAC's allegation that "NewsBreak committed direct acts of infringement by hosting the infringing articles on its servers, reproducing and displaying them through its website and app, and distributing them to users" plainly fails to state a claim for relief.  TAC ¶ 170; *id.* ¶ 5 (same).

United States District Court
Northern District of California

Fourth, Plaintiff repleaded the same verbatim trademark infringement claim with one additional sentence that does not contain new factual matter. *See id.* ¶ 179 ("NewsBreak directly infringed Comeback's trademark by hosting, reproducing, and displaying the infringing mark on its servers, website, and app in connection with the infringing articles, constituting direct use in commerce."). The Court already rejected this theory and stated that merely hosting and displaying Total Impulse's mark on the NewsBreak app did not show requisite "use" by NewsBreak. Order at 8.

Lastly, NewsBreak's counsel requested that Plaintiff withdraw various claims from the TAC because Plaintiff did not amend those claims to address the deficiencies discussed in the Court's Order. On November 20, the Parties filed a stipulation in which Plaintiff agreed to strike the unfair competition (Third Claim) and misappropriation (Fourth Claim) claims. Joint Stipulation and [Proposed] Order to Strike Third and Fourth Claims for Relief from TAC, ECF 37. The Court should consider the Third and Fourth Claims for Relief as stricken. NewsBreak's counsel also asked that Plaintiff strike the trademark claim, but Plaintiff's counsel declined.

Dated: November 24, 2025

**ZWILLGEN LAW LLP**

By: /s/ Sheri Pan
Sheri Pan (SBN 316136)
sheri@zwillgen.com

*Attorney for Defendant*
*Particle Media, Inc. d/b/a NewsBreak*

United States District Court
Northern District of California

# TABLE OF CONTENTS

Page

INTRODUCTION ...................................................................................................................1

BACKGROUND ....................................................................................................................2

LEGAL STANDARD.............................................................................................................4

ARGUMENT..........................................................................................................................5

    I.    PLAINTIFF FAILS TO STATE A CLAIM FOR SECONDARY COPYRIGHT INFRINGEMENT.................................................................................................................5

        A.   Plaintiff Still Fails to Plead NewsBreak Knew or Had a Reason to Know of Specific Acts of Infringement.................................................................................................5

        B.   Plaintiff Fails to State a Claim for Vicarious Infringement................................................8

    II.   THE TAC IS DEVOID OF ALLEGATIONS SHOWING DIRECT COPYRIGHT INFRINGEMENT BY NEWSBREAK .................................................................................9

    III.  PLAINTIFF BRINGS THE SAME TRADEMARK CLAIM, AND IT STILL FAILS .......11

    IV.  DISMISSAL SHOULD BE WITH PREJUDICE ................................................................12

CONCLUSION.....................................................................................................................12

DEFENDANT PARTICLE MEDIA, INC. d/b/a NEWSBREAK'S NOTICE OF MOTION AND MEMO IN SUPPORT OF MOTION TO DISMISS; CASE NO. 3:25-cv-003298-CRB

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adams v. Johnson*,
355 F.3d 1179 (9th Cir. 2004) ...................................................................................................5

*ALS Scan, Inc. v. Steadfast Networks, LLC*,
819 F. App'x 522 (9th Cir. 2020) .............................................................................................5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..............................................................................................................4, 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...................................................................................................................4

*Ellison v. Robertson*,
357 F.3d 1072 (9th Cir. 2004) ...................................................................................................8

*Fox Broad. Co., Inc. v. Dish Network L.L.C.*,
747 F.3d 1060 (9th Cir. 2014) ...........................................................................................10, 11

*Ketab Corp. v. Mesriani & Assocs., P.C.*,
734 F. App'x 401 (9th Cir. 2018) ............................................................................................12

*Luvdarts, LLC v. AT&T Mobility, LLC*,
710 F.3d 1068 (9th Cir. 2013) ..............................................................................................5, 6

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
545 U.S. 913 (2005)..............................................................................................................3, 8

*Perfect 10, Inc. v. Giganews, Inc.*,
847 F.3d 657 (9th Cir. 2017) ........................................................................................9, 10, 11

*VHT, Inc. v. Zillow Grp., Inc.*,
918 F.3d 723 (9th Cir. 2019) ......................................................................................5, 10, 11

*Wages v. I.R.S.*,
915 F.2d 1230 (9th Cir. 1990) .................................................................................................12

**Statutes**

17 U.S.C. § 106..............................................................................................................................9

Cal. Bus. & Prof. Code § 17200 ....................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 8.............................................................................................................................5

Fed. R. Civ. P. 12...........................................................................................................................4

ii

DEFENDANT PARTICLE MEDIA, INC. d/b/a NEWSBREAK'S NOTICE OF MOTION AND MEMO IN SUPPORT OF MOTION TO DISMISS; CASE NO. 3:25-cv-003298-CRB

United States District Court
Northern District of California

**INTRODUCTION**

Plaintiff Comeback Media, Inc. ("Plaintiff") is now on its fourth attempt to assert proper claims against Particle Media, Inc. d/b/a NewsBreak ("NewsBreak"). The fourth time is not the charm. Plaintiff alleges that, in January 2025, Joshua Terreto copied Plaintiff's articles and self-published them on NewsBreak for the public to view. But after discovering the infringement in March, Plaintiff did not even attempt to notify NewsBreak of the infringement through customer support, over email, or a Digital Millenium Copyright Act ("DMCA") notice. And rather than simply alert NewsBreak so it could take down the offending content, Plaintiff drafted a complaint and sued NewsBreak on April 11. Plaintiff's own evidence incorporated into its complaint, however, shows that when NewsBreak is notified of infringement, it removes the content immediately. *See* Third Amended Complaint ("TAC") Ex. 32. As another NewsBreak publisher wrote, "I emailed NewsBreak support on Saturday. By Monday the NewsBreak team responded with an apology and told me the account had been terminated." *Id.*

Plaintiff now continues to pursue NewsBreak with repeat, frivolous amendments even though it does not even appear to have even served the actual infringers, Defendants Terreto and Total Impulse Sports. But on its fourth try, Plaintiff offers nothing new. Rather than add any new facts to address the deficiencies this Court relied on in dismissing claims in the prior complaint, the TAC simply repackages the same, rejected allegations. The trademark claim is based on the same assertions. The unfair competition and misappropriation claims are based on the same facts that led this Court to find they were preempted by the Copyright Act. The contributory infringement claim still does not plausibly allege that NewsBreak knew or had reason to know of the specific infringement of the ten allegedly copied articles—and relies on the incorrect standard, that NewsBreak is liable because it "had actual knowledge of . . . prior instances of similar infringement schemes" and should have prescreened and "monitor[ed]" all user content posted on its platform (effectively millions of articles). TAC ¶¶ 31, 216. This is a complete overstatement of the contributory liability doctrine. And even more improperly, the TAC now includes a direct copyright infringement claim, even though it fails as a matter of law because NewsBreak was not

DEFENDANT PARTICLE MEDIA, INC. d/b/a NEWSBREAK'S NOTICE OF MOTION AND MEMO IN SUPPORT OF MOTION TO DISMISS; CASE NO. 3:25-cv-003298-CRB

*United States District Court*
*Northern District of California*

the direct cause of the infringement and did not take volitional conduct under Ninth Circuit law. Plaintiff has had four opportunities to plead proper claims; if Plaintiff could, it would have done so already. The Court should dismiss the TAC against NewsBreak with prejudice.

**BACKGROUND**

On April 11, Plaintiff sued NewsBreak and the alleged infringers, Total Impulse and Joshua Terreto, for direct copyright infringement, direct trademark infringement, unfair competition under Cal. Bus. & Prof. Code § 17200 *et seq.*, and common law misappropriation. On June 11, Plaintiff filed a First Amended Complaint that added some factual allegations but asserted the same claims.

On August 25, two court days before NewsBreak's motion to dismiss was due, Plaintiff moved for leave to again amend its complaint. The SAC added no new facts but removed the direct copyright infringement claim against NewsBreak, SAC ¶ 154, and added vicarious infringement and contributory copyright infringement against it, *id.* ¶¶ 154, 183-97. The new secondary liability claims were based on the same factual allegations as in prior complaints.

NewsBreak moved to dismiss and the Court dismissed all claims except vicarious infringement. The Court held that Plaintiff failed to plead that NewsBreak knew or had reason to know of Total Impulse's infringement: Plaintiff did not send a DMCA notice, and the mere availability of infringing material on a platform is not sufficient to show the requisite knowledge. Order on Mot. to Dismiss ("Order") at 5, ECF 33. In addition, this Court found the fact that NewsBreak suspended Total Impulse upon discovering its misconduct directly undermines the allegation NewsBreak could have but failed to take measures to stop the infringement. *Id.*

The Court dismissed the trademark infringement claim because "a party that merely facilitates or assists others' use cannot be liable for direct infringement." *Id.* at 8. The Court also dismissed the misappropriation and unfair competition claim under Cal. Bus. & Prof. Code § 17200 because they were preempted by the Copyright Act. *Id.* at 8-9.

DEFENDANT PARTICLE MEDIA, INC. d/b/a NEWSBREAK'S NOTICE OF MOTION AND MEMO IN SUPPORT OF MOTION TO DISMISS; CASE NO. 3:25-cv-003298-CRB

United States District Court
Northern District of California

The Court denied the motion to dismiss the vicarious infringement claim. On the direct financial benefit element, the Order recognized that Plaintiff must allege a "causal link" between the infringing activity and the benefit and acknowledged that "NewsBreak is correct that Comeback does not explicitly address revenue from the ten articles." *Id.* at 6-7. But the Court nonetheless concluded that it was adequate for Plaintiff allege NewsBreak would get traffic and ad revenue generally from articles published on its platform. On the control element, the Court noted that NewsBreak suspended Terreto and that allegation was sufficient. *Id.* The control requirement, however, requires a showing that the defendant not only had the right and ability to supervise or control the infringing activity—but declined to exercise it. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) ("One . . . infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it."). The Court granted leave to amend.

On November 4, Plaintiff filed a TAC. The TAC added a few sentences but simply repackaged the same allegations, adding no new material facts. Plaintiff again alleged trademark infringement, with one new sentence that restated the already dismissed allegations. TAC ¶ 179 ("NewsBreak directly infringed Comeback's trademark by hosting, reproducing, and displaying the infringing mark on its servers, website, and app in connection with the infringing articles, constituting direct use in commerce."). It repleaded the same unfair competition and misappropriation claims, despite the Court's preemption ruling. And Plaintiff also added back the direct copyright infringement claim against NewsBreak, after the Court recognized that Terreto and Total Impulse were the direct infringers. *Id.* ¶ 170.

Because Plaintiff in the TAC re-pleaded the same trademark, unfair competition, and misappropriation allegations with no substantive changes, much less ones that addressed the deficiencies identified in the Court's Order, NewsBreak's counsel requested a meet and confer. During the meet and confer, NewsBreak explained that Plaintiff's counsel should remove those three repeat claims, or else NewsBreak would have to seek costs in light of the duplicative motions it had already been forced to prepare. On November 20, the Parties filed a stipulation in

3

which Plaintiff agreed to strike the unfair competition and misappropriation claims. Joint Stipulation and [Proposed] Order to Strike Third and Fourth Claims for Relief from TAC, ECF 37. The Court should consider as stricken the Third and Fourth Claims for Relief. Plaintiff's counsel refused to strike the trademark claim.

Plaintiff did not change the other parts of the complaint. The TAC does not dispute that Plaintiff did not provide actual notice of the infringement to NewsBreak because it did not submit a DMCA notice or other alert. *See* TAC ¶ 22. It still alleges that NewsBreak allows publications to self-publish articles to be included on its platform, but does not allege NewsBreak makes editorial or curation decisions involving publisher content (because it does not). The TAC still alleges that verified publishers were simply "a[n] established news or content publisher, such as a newspaper, magazine, website, news channel, and news agency, who has a formal partnership account with NewsBreak"—but nonetheless "curate[] their own content." *Id* ¶ 23. A publisher obviously did not need to be verified to post articles on NewsBreak, because Plaintiff was not and published many articles on NewsBreak. *Id.* ¶ 18. And the TAC still alleges NewsBreak has a history of "journalistic misconduct" but cites only articles about unrelated conduct. *Id.* ¶ 27. One such article shows that NewsBreak responded immediately to an infringement notice and removed the content, "*Update 12/20/22*: NewsBreak came through! The account is gone. I emailed NewsBreak support on Saturday. By Monday the NewsBreak team responded with an apology and told me the account had been terminated." TAC Ex. 32. The other articles are about NewsBreak's use of AI, not third-party infringement. TAC ¶ 27.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court need not accept "legal conclusions" as true, *id.*, and "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v.*

4

United States District Court
Northern District of California

*Twombly*, 550 U.S. 544, 555 (2007). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). Dismissal is warranted where the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

## ARGUMENT

## I.    PLAINTIFF FAILS TO STATE A CLAIM FOR SECONDARY COPYRIGHT INFRINGEMENT

### A.    Plaintiff Still Fails to Plead NewsBreak Knew or Had a Reason to Know of Specific Acts of Infringement

Plaintiff does not fix the deficiencies with its contributory infringement claim and still fails to make the threshold knowledge showing. In dismissing the claim in the SAC, the Court clearly stated that a defendant must have knowledge of the specific infringing acts in question, to be contributorily liable. Order at 4 ("Comeback must allege 'knowledge of <u>specific</u> infringers or instances of infringement.'" (emphasis in original)). This is black letter law. The Ninth Circuit has said it. *See, e.g.*, *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 745 (9th Cir. 2019); *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013); *ALS Scan, Inc. v. Steadfast Networks, LLC*, 819 F. App'x 522, 524 (9th Cir. 2020). And this Court has said it. *See, e.g.*, Order at 4. Plaintiff does not and cannot plead this.

First, Plaintiff does nothing to remedy this defect. There are no new allegations demonstrating that NewsBreak had knowledge of the ten specific articles Plaintiff alleges were copied. Instead, Plaintiff tries to revive this claim by reciting an incorrect knowledge standard. Plaintiff claims that:

> NewsBreak had actual knowledge of these prior instances of similar infringement schemes on its platform, as evidenced by the Reuters report, cease-and-desist emails, and internal 2022 memo cited therein, which put NewsBreak on notice of patterns of bad actors creating bogus accounts to steal and monetize content.

TAC ¶ 31.[1] But Plaintiff cannot establish the requisite knowledge by referencing infringement of

---

[1] The references to the cease and desist emails and internal 2022 memo are from the Reuters article discussing NewsBreak's alleged use of AI tools. TAC ¶ 27.

5

different works by different people.  Knowledge of "prior instances" of <u>other</u> infringement is not enough to meet the test.  Courts, including this one in this case, have repeatedly stated that contributory liability requires knowledge (even if arguably constructive) of the <u>particular infringing acts</u> giving rising to the copyright claim.  *See* Order at 4 (emphasizing same); Reply in Supp. of Mot. to Dismiss SAC at 2-3 (collecting cases).  The Ninth Circuit in *Luvdarts* held that even 150-page-long lists of titles that the plaintiff had copyrighted and sent to the defendant were inadequate to plead knowledge because they did not "identify which of these titles were infringed, who infringed them, or when the infringement occurred."  710 F.3d at 1073 (dismissing on motion to dismiss).

Second, Plaintiff's counsel again insists the prior infringements referenced in the complaint are "similar," but they are obviously not—as NewsBreak already argued, and this Court agreed with, in its Motion to Dismiss the SAC.  Indeed, one of the articles reports that NewsBreak, when it had knowledge, took down and terminated an infringing account within a business day.  SAC Ex. 32 ("I emailed NewsBreak support on Saturday.  By Monday the NewsBreak team responded with an apology and told me the account had been terminated.").  All the TAC's allegations show is that if Plaintiff had notified NewsBreak of the copying before bringing suit, NewsBreak would have immediately terminated Terreto (and even though Plaintiff failed to send any notice of the infringement, NewsBreak still terminated soon after Plaintiff itself discovered the copying, in early April, and before this suit was filed).  The only other allegation involves a Reuters article that alleges NewsBreak used AI.  But this does not salvage Plaintiff's contributory infringement claim because it has nothing to do with the particular works at issue here.  Third, the allegation that these examples gave NewsBreak reason to know the verified publisher label "would lead" to infringement likewise does not save the claim.  Again, the test is whether the defendant had a reason to know of the *specific* infringement at issue; it is not whether NewsBreak should have suspected possible future infringement.

Fourth, Plaintiff argues that NewsBreak should have known of the ten copied articles because if NewsBreak systematically prescreened—or scanned and "monitor[ed]" all content

DEFENDANT PARTICLE MEDIA, INC. d/b/a NEWSBREAK'S NOTICE OF MOTION AND MEMO IN SUPPORT OF MOTION TO DISMISS; CASE NO. 3:25-cv-003298-CRB

United States District Court
Northern District of California

uploaded by prior users to compare to all later content uploaded by future users (millions of articles)—it would have detected that the articles had the same content and author names. TAC ¶ 165 ("NewsBreak had actual and constructive knowledge of Total Impulse's infringement from the outset due to obvious red flags, such as verbatim articles with unchanged author names, titles, and references to 'Next Impulse Sports' in the stolen content hosted on NewsBreak's servers."); *id.* ¶ 216. This would be a staggering expansion of the contributory liability doctrine and no Court has ever held that a platform like NewsBreak's has a duty to scan content for potential copyright infringement. *See* Order at 5 (holding "contributory liability does not automatically follow where a system allows for the exchange of copyrighted material" and "the mere existence of Total Impulse's infringing material on NewsBreak is insufficient on its own to establish NewsBreak should have known of the infringement" (cleaned up)). Plaintiff admits users can self-publish on NewsBreak. *See* TAC ¶¶ 3, 23. Plaintiff admits NewsBreak contains "articles from many news publishers." *Id.* ¶ 15. Plaintiff also concedes that when Terreto signed up for NewsBreak, there were no indications Terreto had infringed or would infringe. *Id.* ¶ 23 ("[Total Impulse] had *no* content, had *no* working website, had *no* writers, and had *no* social media followers."). If Plaintiff means to suggest that anytime a defendant passively permits users with no existing content to publish on its platform, it can be deemed to have a reason to know—that is unprecedented and incorrect under Ninth Circuit law.

The TAC also does not fix the failure to allege that NewsBreak could have but did not take simple measures to stop the infringement, or that NewsBreak induced the infringement. Plaintiff's repackaging of old allegations does not get around the fact that NewsBreak suspended (and is alleged to have suspended) Total Impulse upon discovery of its misconduct. As the Court already held, "By alleging NewsBreak suspended Total Impulse's account upon discovery of its misconduct, Comeback fails to show that NewsBreak continued to provide access to the infringing works." Order at 5; *see also id.* at 5-6 (rejecting inducement theory for same reason). Plaintiff's other allegation that "NewsBreak continued to host and monetize the infringing articles even after suspension of Total Impulse's account by refusing to restore

7

DEFENDANT PARTICLE MEDIA, INC. d/b/a NEWSBREAK'S NOTICE OF MOTION AND MEMO IN SUPPORT OF MOTION TO DISMISS; CASE NO. 3:25-cv-003298-CRB

United States District Court
Northern District of California

referrals to Comeback's original articles, thereby inducing further harm" is non-sensical. TAC ¶ 166. NewsBreak had no legal obligation under copyright law or otherwise to send a specific number of users to Plaintiff's articles; this is a red herring. More critically, an alleged failure to restore referral traffic to Next Impulse does not somehow show NewsBreak continued to host or monetize the ten articles after it suspended Total Impulse. To be clear, once terminated, Total Impulse's content was gone from NewsBreak. *See also id.* ¶ 163 (alleging Total Impulse in April "began to purge its NewsBreak profile and website of articles copied from Next Impulse" anyway). To the extent Plaintiff actually means to allege that NewsBreak continued to display and get revenue from Terreto's content after termination, that allegation is false and misleading, and Plaintiff must strike it.

### B. Plaintiff Fails to State a Claim for Vicarious Infringement

Although the Court previously permitted Plaintiff's vicarious infringement claim to proceed, the allegations in the TAC fail to state a claim as a matter of law. To state such a claim, a plaintiff must allege that the defendant: (1) enjoyed a direct financial benefit from the infringing activity of the direct infringer; and (2) declined to exercise the right and ability to supervise or control that infringing activity. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). "One . . . infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Grokster*, 545 U.S. at 930. NewsBreak's suspension of Total Impulse does not support an inference of the second prong. It refutes it. Suspending Total Impulse's account is quite literally the opposite of "declining to exercise a right to stop or limit it." *Id.* To find otherwise would make a platform more liable for taking prompt action, which runs against the text and purpose of the Copyright Act. The Court should dismiss the vicarious infringement claim for this reason.

Plaintiff also fails to plausibly allege that NewsBreak received a direct financial benefit from the infringing activity. In its Order, the Court acknowledged that the SAC "d[id] not explicitly address revenue from the ten articles." Order at 7. Neither does the TAC. Plaintiff's generalized allegation that NewsBreak receives traffic and ad revenue from articles published on it

8

is not enough. The Ninth Circuit has expressly cautioned in *Giganews* that "the direct financial benefit prong of the vicarious infringement test demands more than evidence that customers were 'drawn' to Giganews to obtain access to infringing material in general." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 673 (9th Cir. 2017) (internal quotation marks omitted) ("This action is a specific lawsuit by a specific plaintiff against a specific defendant about specific copyrighted images; it is not a lawsuit against copyright infringement in general on the [platform]."). And for good reason—otherwise, all websites, apps, and platforms with any user-generated content would face liability based on the unremarkable observation that they receive ad revenue from user views. But the contributory liability doctrine is not intended to penalize ad-based platforms; it demands plausible allegations that the defendant directly benefited from "*the* infringing activity" and "*the* infringement *in this case*" (prerequisites emphasized by the Ninth Circuit). *Id.* Neither does the TAC's allegation of "a collapse of traffic to Next Impulse's articles" show a financial benefit to NewsBreak. In fact it undermines the claim, because assuming Plaintiff's allegation that NewsBreak's revenues are based on user traffic and ads, less engagement with Plaintiff's articles means less benefit for NewsBreak—not more. The pleadings do not contradict that. Thus, the Court should dismiss the vicarious infringement claim.

## II.    THE TAC IS DEVOID OF ALLEGATIONS SHOWING DIRECT COPYRIGHT INFRINGEMENT BY NEWSBREAK

Plaintiff first alleged a direct copyright infringement claim two complaints ago, in its FAC. After dropping that claim in the SAC, Plaintiff reverses course and now re-asserts that "NewsBreak committed direct acts of infringement by hosting the infringing articles on its servers, reproducing and displaying them through its website and app, and distributing them to users." TAC ¶ 170; *id.* ¶ 5 (same). But those allegations are textbook examples of conduct that do not give rise to a direct infringement claim.

To state a prima facie direct copyright infringement claim, the plaintiff must allege: (1) ownership of the copyrighted material, (2) violation of a right granted to a copyright holder under 17 U.S.C. § 106, and (3) causation—also referred to as volitional conduct. *Giganews, Inc.*, 847 F.3d at 666. The causation requirement reflects the simple concept that

9

United States District Court
Northern District of California

United States District Court
Northern District of California

"[i]nfringement . . . require[s] that the defendant cause the copying." *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2014). This means, in no uncertain terms, that "*direct* liability must be premised on conduct that can reasonably be described as the *direct cause* of the infringement." *VHT, Inc.*, 918 F.3d at 731 (emphasis in original) (internal quotation marks omitted). When it comes to a platform, "the distinction between active and passive participation in the alleged infringement is central to the legal analysis." *Id.* at 732 (cleaned up). This distinction is critical. *Id.* ("This prerequisite takes on greater importance in cases involving automated systems . . . ."). Automatic copying, storing, or transmission of copyrighted materials is not volitional conduct. *Giganews, Inc.*, 847 F.3d at 669-70. Likewise, "operating a system used to make copies at the user's command does not mean that the system operator, rather than the user, caused copies to be made." *Fox Broad. Co.*, 747 F.3d at 1067. To plead volitional conduct and state a claim for relief, the complaint must plausibly allege that the defendant "exercised control (other than by general operation of a [website]); selected any material for upload, download, transmission, or storage; or instigated any copying, storage, or distribution" of copyrighted materials. *VHT*, 918 F.3d at 732 (dismissing on motion to dismiss). Otherwise, the court should dismiss the claim as a matter of law. *Id.*

Plaintiff fails to plead this element as to NewsBreak. Plaintiff states that NewsBreak directly infringed the ten articles because it did things ordinary platforms must do to provide a service: host, reproduce, display, and distribute content: "NewsBreak committed direct acts of infringement by hosting the infringing articles on its servers, reproducing and displaying them through its website and app, and distributing them to users." TAC ¶ 170; *id.* ¶ 5 (same). These are quintessentially passive acts not considered volitional conduct as a matter of law.

This is even clearer from the rest of the TAC. The crux of Plaintiff's copyright claim is that Defendants Total Impulse and Terreto, not NewsBreak, caused the alleged infringement. The TAC alleges Total Impulse and Terreto "copied and republished" Plaintiff's registered works "on NewsBreak['s] website and app." *Id.* ¶¶ 2-3. The TAC alleges "Total Impulse and Terreto had copied [Comeback's] articles and were passing them off as their own." *Id.* ¶ 22.

And the TAC concedes Terreto "controlled" Total Impulse, and Total Impulse "st[ole] these articles and republish[ed] them on NewsBreak's website and news feed." *Id.* ¶¶ 12, 51, 54, 55. By contrast, Plaintiff at most faults NewsBreak for having reason to know of the infringement—conceding that NewsBreak did not actually know of the ten alleged copies. But that does not allege anything more on NewsBreak's part beyond "operating a system" used to display Plaintiff's articles "at the user's command." *See Fox Broad. Co.*, 747 F.3d at 1067 (holding such allegations insufficient). The verified publisher title does not change that. Whether verified or not, publishers on NewsBreak choose what articles and content to upload, post, and display on NewsBreak; the TAC does not allege anything different. Plaintiff in fact acknowledges that, in pleading verified publishers on NewsBreak "curate[] their own content." TAC ¶ 23. And Plaintiff cannot dispute that Terreto and Total Impulse were responsible for posting all the infringement alleged; NewsBreak merely provided a self-publishing platform for Comeback and others. In the Ninth Circuit's words, "operating a system used to make copies at the user's command does not mean that the system operator, rather than the user, caused copies to be made." *Fox Broad. Co.*, 747 F.3d at 1067. That was true in *Fox Broadcasting*, in *VHT*, and in *Giganews*. That is true here. Plaintiff's direct infringement claim against NewsBreak must be dismissed.

## III.    PLAINTIFF BRINGS THE SAME TRADEMARK CLAIM, AND IT STILL FAILS

The TAC contains one new sentence in relation to the Lanham Act claim—and that sentence does nothing to remedy the deficiencies this Court found. This Court dismissed Plaintiff's direct trademark infringement claim for a straightforward reason: Plaintiff's "claim aimed at [a] third party cannot be repackaged to assert use by NewsBreak." Order at 8 (internal quotation mark omitted). The factual allegations, instead, all "point[] to <u>Total Impulse</u> directly using the mark." *Id.* (emphasis in original). The Court's Order, in fact, made clear that Plaintiff's theory is fatally flawed under Ninth Circuit precedent. *Id.* (citing *Giganews* decision). Despite this, Plaintiff repleaded the same verbatim trademark allegations with one new sentence that reads, "NewsBreak directly infringed Comeback's trademark by hosting, reproducing, and displaying the

11

United States District Court
Northern District of California

infringing mark on its servers, website, and app in connection with the infringing articles, constituting direct use in commerce." TAC ¶ 179. But the Court already rejected this very theory, plain as day. The Order stated, "Comeback asserts that NewsBreak 'directly used' Next Impulse's mark by 'hosting and displaying' Total Impulse's mark on their stolen articles via the NewsBreak platform. But this theory is 'unsuccessful because the "use" in question is being carried out by [Total Impulse],' not NewsBreak." Order at 8 (alterations in original).

The TAC here was not an amendment. It was a frivolous copy and paste job to re-bring the same claim the Court had just rejected. *See Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990) (finding bad faith and vexatious conduct where counsel "attempt[ed] to file an amended complaint that did not materially differ from one which the district court had already concluded did not state a claim"); *Ketab Corp. v. Mesriani & Assocs., P.C.*, 734 F. App'x 401, 412 (9th Cir. 2018) (finding bad faith where "counsel repeatedly raised claims based on legal theories that the court had previously dismissed"). The Court should thus apply the same analysis and dismiss the trademark claim.[2] In addition, now on its fourth try to bring a non-viable trademark claim, this should be Plaintiff's last. Plaintiff would have pleaded plausible allegations by now if it could. The Court should dismiss the Lanham Act claim against NewsBreak with prejudice.

## IV.    DISMISSAL SHOULD BE WITH PREJUDICE

Plaintiff already had four chances to plead proper claims, and the multiple amendments have forced significant fees and costs on NewsBreak. The Court should dismiss the claims with prejudice.

### CONCLUSION

For the above reasons, the Third Amended Complaint should be dismissed with prejudice.

---

[2] As in the SAC, Plaintiff does not allege contributory trademark infringement. And like the Court held in its Order as to the SAC, Plaintiff in the TAC again alleged that "NewsBreak directly used Comeback's 'Next Impulse Sports' mark." Order at 7 n.4. Like there, the Court must construe Plaintiff's claim as one for direct trademark infringement.

12

United States District Court
Northern District of California

DATED: November 24, 2025

**ZWILLGEN LAW LLP**

By: _/s/ Sheri Pan_
Sheri Pan (SBN 316136)
sheri@zwillgen.com

*Attorney for Defendant*
*Particle Media, Inc. d/b/a NewsBreak*

United States District Court
Northern District of California

DEFENDANT PARTICLE MEDIA, INC. d/b/a NEWSBREAK'S NOTICE OF MOTION AND MEMO IN
SUPPORT OF MOTION TO DISMISS; CASE NO. 3:25-cv-003298-CRB