IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COMEBACK MEDIA, INC.,

     Plaintiff,

     v.

PARTICLE MEDIA, INC., et al.,

     Defendants.

Case No.  25-cv-03298-CRB

**ORDER GRANTING IN PART AND DENYING IN PART PARTICLE MEDIA, INC.'S MOTION TO DISMISS**

Plaintiff Comeback Media, Inc. ("Comeback"), sued Defendants Particle Media, Inc. ("NewsBreak"), Digital Next, Inc. ("Total Impulse"), and an individual defendant for claims stemming from the alleged infringement of Comeback's copyrights and trademark.[1] TAC (dkt. 34) ¶ 3.  Comeback alleges Total Impulse and the individual defendant copied and published Comeback's news articles on NewsBreak.  Id. ¶¶ 3, 22–23.  NewsBreak previously moved to dismiss Comeback's claims and the Court granted the motion in part and denied it in part.  Order (dkt. 33) at 1.  Now, Comeback has filed a third amended complaint against Defendants, amending its claims for copyright infringement and trademark infringement.  TAC.  NewsBreak again moves to dismiss all claims against it.  Mot. (dkt. 38).  The Court **GRANTS** the motion in part and **DENIES** in part.[2]

## I.   BACKGROUND

The Court has previously chronicled the factual allegations and now discusses only the new additions in the operative complaint.  In this iteration, Comeback adds a direct

---

[1]  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for resolution without oral argument.
[2]  The Court presumes familiarity with the factual allegations and the applicable law.

copyright infringement claim against NewsBreak.  TAC ¶¶ 5, 167–74.  Comeback also clarifies that it alleges <u>direct</u> trademark infringement against NewsBreak.  TAC ¶¶ 5, 179. No other significant differences exist between the previous complaint and the instant one.

After Comeback amended its complaint, the parties stipulated to strike Comeback's state law claims for unfair competition and misappropriation.  Stipulation (dkt. 37); Order Striking Claims (dkt. 39).  NewsBreak now moves to dismiss all remaining claims against it: contributory copyright infringement, vicarious copyright infringement, direct copyright infringement, and trademark infringement.  Mot.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal citation omitted).  A court must construe the alleged facts in the light most favorable to the plaintiff.  <u>See</u> <u>Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.</u>, 768 F.3d 938, 945 (9th Cir. 2014) (holding that the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion).  Courts, however, are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  <u>Khoja v. Orexigen Therapeutics, Inc.</u>, 899 F.3d 988, 1008 (9th Cir. 2018).  Courts may dismiss a complaint with prejudice if "it is clear that the complaint could not be saved by amendment."  <u>Lund v. Cowan</u>, 5 F.4th 964, 973 (9th Cir. 2021) (quoting <u>Kendall v. Visa U.S.A., Inc.</u>, 518 F.3d 1042, 1051 (9th Cir. 2008)).

## III.    DISCUSSION

NewsBreak argues that all claims against it should be dismissed because Comeback fails to state claims for copyright and trademark infringement.  <u>First</u>, the Court again

2

rejects NewsBreak's attempt to challenge Comeback's vicarious copyright infringement claim. Second, the Court dismisses Comeback's new direct infringement claim due to a lack of supporting factual allegations. And third, the Court dismisses Comeback's contributory copyright infringement and trademark infringement claims since the amended complaint fails to remedy the Court's identified deficiencies.

### A.      Vicarious Copyright Infringement

NewsBreak renews its argument that Comeback fails to state the elements of a vicarious copyright infringement claim. And again, the Court disagrees.

Just as the Court had found in the last go-round, Comeback sufficiently alleges NewsBreak's right and ability to supervise infringing conduct by alleging that NewsBreak suspended Total Impulse's account due to misconduct. TAC ¶ 29; see Order at 7. Additionally, Comeback sufficiently alleges NewsBreak's direct financial interest in Total Impulse's infringing activity. Comeback alleges that NewsBreak would get traffic and advertising revenue from articles published on its platform. TAC ¶¶ 2, 4, 18, 24. And Comeback alleges that Total Impulse's infringement led to a significant decrease in revenue and traffic to Next Impulse's articles. TAC ¶¶ 20–22.

Moreover, Comeback does not allege "access to infringing material in general," as NewsBreak argues. Mot. at 9 (emphasis added) (quoting Perfect 10 v. Giganews, 847 F.3d 657, 673 (9th Cir. 2017)). The complaint is specific to Total Impulse's infringement on NewsBreak. See TAC ¶¶ 20–22. Drawing "all reasonable inferences in favor of the nonmoving party," the Court finds that Comeback's allegations raise the plausible inference that NewsBreak derived a direct financial benefit from Total Impulse's infringement. Retail Prop. Tr., 768 F.3d at 945.

NewsBreak also argues that Comeback must be held to a heightened standard it fashions from dicta in Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., where the Supreme Court noted that a defendant must have "declin[ed] to exercise a right to stop or limit" the infringing activity. 545 U.S. 913, 930 (2005) (emphasis added); Mot. at 8. NewsBreak asserts that it did stop the infringing activity by suspending Total Impulse's

3

account, meaning it <u>did not</u> decline to exercise its right to control the activity.  Mot. at 8. But the Ninth Circuit has characterized this language as dictum.  <u>Perfect 10, Inc. v. Visa Int'l Serv. Ass'n</u>, 494 F.3d 788, 802 (9th Cir. 2007).  And NewsBreak cites no cases that have applied this purported standard—likely because it is not actually a legal standard. The Ninth Circuit's test for vicarious liability, reiterated more recently in <u>Giganews</u>, is controlling.  847 F.3d at 673.  Consequently, the Court denies NewsBreak's motion to dismiss Comeback's vicarious copyright infringement claim.

### B.    Direct Copyright Infringement

NewsBreak argues that Comeback fails to state the elements of its new direct copyright infringement claim.  The Court agrees.

To state a claim for direct copyright infringement, a plaintiff must allege: (1) ownership of the allegedly infringed material; (2) violation of an exclusive right of copyright holders; and (3) causation (or volitional conduct) by the defendant.  <u>Giganews</u>, 847 F.3d at 666.  For causation, a plaintiff must allege "copying <u>by</u> the defendant."  <u>Id.</u> (emphasis in original) (quoting <u>Fox Broad. Co., Inc. v. Dish Network L.L.C.</u>, 747 F.3d 1060, 1067 (9th Cir. 2014)).  The participation in the infringement must be active, rather than passive.  <u>See id.</u> at 667–68, 670 ("[A]utomatic copying, storage, and transmission of copyrighted materials, when instigated by others, does not" result in liability. (quoting <u>CoStar Grp., Inc. v. LoopNet, Inc.</u>, 373 F.3d 544, 555 (4th Cir. 2004))).  Courts find volitional conduct where a defendant exercised control over the infringement, selected material for upload, or instigated copying.  <u>VHT, Inc. v. Zillow Grp., Inc.</u>, 918 F.3d 723, 732 (9th Cir. 2019).

Here, Comeback fails to allege any active or volitional copying by NewsBreak.  It merely alleges that NewsBreak hosted, reproduced, displayed, and distributed the infringing articles on its website and app.  TAC ¶ 170.  Comeback does not include any allegations that even suggest that NewsBreak's actions were active, rather than passive or automatic.  <u>See</u> <u>Giganews</u>, 847 F.3d at 668–69 (affirming the dismissal of a direct copyright infringement claim alleging that users could use the defendant's browser app to

United States District Court
Northern District of California

4

display infringing images).

Comeback argues that NewsBreak's grant of "Verified Publisher" status to Total Impulse is sufficient to show causation.  Opp'n (dkt. 40) at 7.  But granting status is not the same as copying.  Moreover, NewsBreak granted "Verified Publisher" status before Total Impulse had published any articles on the platform—before any copying had even occurred.  TAC ¶ 23.  Accordingly, the direct copyright infringement claim is dismissed.

### C.    Contributory Copyright Infringement

NewsBreak argues that Comeback fails to adequately plead contributory copyright infringement.  The Court agrees because Comeback again fails to allege either element of the claim.

#### 1.    Knowledge

Comeback failed to remedy the deficiencies the Court identified as to knowledge.  Comeback again does not allege that NewsBreak had reason to know of Total Impulse's infringement.  Knowledge of infringement by other bad actors is inadequate as it only alerts NewsBreak to the mere "possibility of infringement" on its platform.  See Order at 5; Luvdarts, LLC v. AT & T Mobility, 710 F.3d 1068, 1072 (9th Cir. 2013) ("[C]ontributory liability [does] not automatically follow where 'the system allows for the exchange of copyrighted material.'" (citation omitted)).  To salvage its claim, Comeback now argues that NewsBreak was willfully blind to the infringement.  Opp'n at 4–5.

Demonstrating willful blindness requires allegations that defendants "(1) subjectively believed that infringement was likely occurring . . . and that they (2) took deliberate actions to avoid learning about the infringement."  Luvdarts, 710 F.3d at 1073.  Defendants have no duty to stop infringement until they have "specific knowledge" of infringement, and even then, that "duty only covers specific instances of infringement the defendant knows or has reason to know about."  Cf. Y.Y.G.M. SA v. Redbubble, 75 F.4th 995, 1002–03 (9th Cir. 2023).

Comeback fails to meet this standard.  Nowhere does Comeback allege that NewsBreak subjectively believed Total Impulse was infringing or that NewsBreak took

United States District Court
Northern District of California

deliberate actions to avoid learning about the infringement. Comeback merely alleges that NewsBreak made Total Impulse a Verified Publisher when Total Impulse had no writers or content. TAC ¶ 23. But Comeback does not explain how NewsBreak's action ties to either element of the willful blindness standard. NewsBreak had no obligation to look out for infringement by Total Impulse based on knowledge of infringement by other bad actors. See Redbubble, 75 F.4th at 1002–03. Comeback's failure to satisfy this element is enough to warrant dismissal.

### 2. Material Contribution or Inducement

Similarly, Comeback again fails to establish material contribution or inducement. Instead, Comeback alleges that NewsBreak suspended Total Impulse's account upon learning of the infringement. Order at 5; TAC ¶ 29. Comeback has not alleged that NewsBreak "continue[d] to provide access to infringing works," or that NewsBreak had an "objective to infringe copyrights." Giganews, 847 F.3d at 671–72.

Because Comeback fails to adequately plead both elements of contributory copyright infringement, the Court dismisses this claim.

### D. Trademark Infringement

NewsBreak argues that Comeback again fails to state a claim for direct trademark infringement against it. The Court agrees.

In its prior order, the Court explicitly stated that Comeback could not show direct use by NewsBreak by alleging that NewsBreak hosted and displayed the infringing mark on its servers and website since the "'use' in question is being carried out by" Total Impulse. Order at 8 (quoting Rigsby v. GoDaddy, Inc., 59 F.4th 998, 1004 (9th Cir. 2023)). Comeback does not cure this deficiency in its amended complaint. TAC ¶ 179. Comeback's allegation that NewsBreak "reproduc[ed]" the mark shows that NewsBreak "merely facilitate[d]" Total Impulse's use of the mark since the alleged reproduction only occurred because of Total Impulse's infringement. TAC ¶ 179; Atari Interactive, Inc. v. Redbubble, Inc., 515 F. Supp. 3d 1089, 1101 (N.D. Cal. 2021). The Court dismisses this claim, too.

United States District Court
Northern District of California

United States District Court
Northern District of California

**IV.    CONCLUSION**

For the foregoing reasons, the Court **DENIES** NewsBreak's motion as to Comeback's vicarious liability claim and **GRANTS** NewsBreak's motion as to the rest of Comeback's claims.  Because Comeback has had four opportunities to adequately plead these claims and any further amendment would be futile, the Court dismisses these claims with prejudice.

**IT IS SO ORDERED.**

Dated: February 26, 2026

CHARLES R. BREYER
United States District Judge

7